MILLS *et al.* v. BARNEY *et al.*

A COMPLAINT which states the facts of the case in ordinary and concise language is not demurrable, because such statement shows that the plaintiff is entitled to recover upon two different legal grounds.

Where a certificate of deposit is indorsed by the payee, payable to the order of a third person, the indorsement of the latter may be required by the makers before payment.

Certificates of deposit stand, as respects the rights and liabilities of indorsers, upon the same footing as bills of exchange and promissory notes.

A subsequent indorser of a certificate of deposit undertakes that he possesses a clear title to the certificate, deduced from and through all the antecedent indorsers, and by his indorsement agrees to clothe the holder under him with all the rights which legally attach to genuine indorsements against himself and all the antecedent indorsers.

A judgment will not be reversed on account of the admissions of improper evidence which is mere surplusage and immaterial to the issues.

When the makers of a certificate of deposit pay the amount to an indorsee who guarantees the genuineness of the payee's indorsement, and subsequently the payee, upon proof that his indorsement was forged, recovers from the makers the amount of the certificate with costs, the makers in an action by them against the subsequent indorsee and guarantor may recover the costs paid by them in the former action.

A verified complaint, which in stating a special demand essential to the cause of action, contains only the general averment that "defendants though often requested have refused," etc., is sufficient in this respect unless demurred to for want of certainty. If not demurred to, the defective averment is cured by verdict and judgment, and the objections cannot be raised for the first time in the Appellate Court.

APPEAL from the Sixth Judicial District.

The facts are stated in the opinion.

*J. H. Gass*, for Appellants.

I.   The complaint is defective, and does not state facts sufficient to constitute a cause of action.   The respondents' right to recover must depend on one or two hypotheses, either that the money was paid to appellants by mistake, or that it was paid to them as guarantors of the genuineness of the indorsement of the payee.

At common law, the first would require a different form of action from the second, and a mistake in determining the particular form of action would have been fatal to a recovery.   Although our prac-

Mills *v.* Barney.

tice requires but " one form of action," it has not dispensed with the necessity of alleging such facts as would under one of the common law forms of action be necessary to entitle respondents to recover. For instance, if the money was paid by mistake, it would be necessary to allege that fact, as the gravamen of the action, to entitle the plaintiffs to recover. Whereas, if the money was paid upon the guaranty of the defendants, the question of mistake could not enter into the issue in determining the plaintiffs' right to recover, but they would be required to allege that they pursued all the necessary steps to charge them as guarantors.

II.    If defendants are to be held to all the responsibilities of guarantors, the law entitles them to all the corresponding privileges incident thereto, and one of these is the right to demand and notice. This has been too often held by this Court to be an imperative prerequisite to a suit against a guarantor, to require argument here. (*Riggs* v. *Waldo*, 2 Cal. 487 ; *Price* v. *Kenedy*, 5 Id. 139; *Geiger* v. *Clark*, 13 Id. 580 ; *Reeves* v. *Howe*, 16 Id. 153.)

It was the duty of plaintiffs, the moment they discovered the forgery, to give Wells, Fargo & Co., the defendants, notice of the fact, that they might be enabled to adopt the necessary means for their own security, and unless this was done, they have no right of recovery against Wells, Fargo & Co. But not only were they required to give immediate notice of the forgery, but after having paid the money to Cox, it was incumbent upon them to make a demand on defendants for the money, before suit brought. They had no right to subject defendants to the expense and trouble of a suit, when *non constat*, that if demand had been made defendants would have paid the amount. Nor would this rule as to demand be changed, if plaintiff had brought his suit for money had and received ; for the whole theory of that form of action is that the money has been received as the money of the plaintiffs, and is held in trust for his use and benefit.

III.    There was no evidence to show that A. M. Hayden was authorized to bind defendants by giving a guaranty or indorsement, or that such was within his power as an agent of defendants, nor was there any evidence to show that defendants were guarantors of the genuineness of Joseph Cox's signature on the certificate of

deposit, or of repayment, etc., or that they intended to bind themselves as such.

IV.  The evidence shows that the defendants received the money from Mills & Co., as agents of Daniel Clark, and not for themselves; and that such fact was known to Mills & Co. at the time the money was paid by them to defendants.  The defendants are therefore clearly not liable, and the plaintiffs have their remedy, if any, against Clark.  (7 Cowen, 460; 14 Geo. 890; 3 How. 247, 349; 4 Taunton, 199; 2 Cowper, 655, 656.)

V.  The Court committed error in admitting in evidence against defendants the judgment roll in the case of *Cox* v. *Mills & Co.*, the defendants not being parties thereto.

The rule is this: " that in a collateral undertaking by way of guaranty, when a suit is necessary to fix the liability of the guarantor, the first judgment is *prima facie* evidence of the default. But where the guarantor is liable without suit against the principal, the judgment against him is regarded as strictly matter *inter alios.*" (*Fletcher et al.* v. *Jackson et al.*, 23 Ver. 592; 2 Ohio, 334.)

Apply this rule to the case at bar.  Did Wells, Fargo & Co.'s liability to Mills & Co., admitting they are liable, depend on this judgment against Mills & Co., or upon a judgment against any one ?  Could not Mills & Co., if entitled to recover, have done so after having paid the money to Cox, by proving the forgery and the payment?  This will not, I presume, be disputed; no such question has ever been raised in any of the cases where such recovery has been had.  If Mills & Co. chose to submit to a suit, it was for their own protection, but not necessary to give them a right of recovery against Wells, Fargo & Co.

If this judgment could be conclusive, or even *prima facie* evidence against Wells, Fargo & Co., it would necessarily limit their defense to the question of the forgery of Cox's indorsement; for that was the only point litigated or which could be litigated in that suit.  The pleadings admitted of no other issue ; and it will scarcely be contended that it would have been proper to have tried in that suit the questions involved in this.  To make that judgment evidence against Wells, Fargo & Co. in this suit, would be to cut off their whole defense as against Mills & Co.  (See *Pico* v. *Webster*, 14 Cal. 202, and cases cited.)

VI.   The Court below erred in entering judgment against defendants for the whole amount recovered from Mills & Co., by Joseph Cox, including costs of that suit and interest.

If that suit was not necessary to determine the liability of Wells, Fargo & Co. to Mills & Co., and if Wells, Fargo & Co. could not properly have defended in that suit, then they are not bound for the costs.   It may be, that portions of those costs were improperly incurred, or wrongfully taxed, and still Wells, Fargo & Co. are precluded from inquiring into the same.   If Mills & Co. are entitled to recover they can only recover the $2,000 paid, with legal interest from the time of notice of the forgery and demand for the money.

*J. W. Winans,* for Respondents.

I.   The complaint is sufficient.   It complies *ex industria* with the statute which requires it to give " a statement of the facts constituting the cause of action in ordinary and concise language," by stating all the facts of the case upon which recovery (on any hypothesis whatever) could be predicated.   It tells the entire story, and no one will deny that if the facts themselves justify recovery, the recital of those facts must be sufficient to sustain the pleading.

II.   The evidence was voluminous and conflicting, and the findings of the jury on matters of fact will not therefore be reviewed.

III.   There was no error in admitting in evidence against the defendants the judgment roll in the case of *Cox* v. *Mills & Co.* Taking plaintiffs' own rule, established by the case of *Fletcher* v. *Jackson* (23 Ver. 592), as the criterion, the evidence was clearly admissible.   The rule merely claims that where a suit is necessary to bind the principal before the guarantor can be held liable, the first judgment is admissible, but where the guarantor is primary liable without suit against the principal, the first judgment is not admissible.   But, the introduction of this judgment roll was not necessary, and is immaterial, for the only facts it could establish, viz. : the forgery and the judgment, were both admitted in the pleadings.   Indeed, appellants concede in their brief, that " the question of the forgery of Cox's indorsement was the only point litigated, or which could be litigated in that suit," and further

acknowledges that the judgment therein was introduced by respondents to establish the forgery in this action. The judgment roll therefore in that suit, even if inadmissible in this, was innocuous when admitted, mere surplusage of evidence, and therefore its admission cannot justify a reversal of the judgment in this cause.

IV.   There was no error in entering judgment for the whole amount recovered from Mills & Co. by Joseph Cox, including costs. (*Edwards* v. *Lowe*, 8 Barn. & Cres. 407, 15 English Com. Law, 250, where the indemnity was only implied, and not, as here, express; *Scott* v. *McLellan*, 2 Greenl. 199; *Birt* v. *Kershaw*, 2 East. 457; *Lawler* v. *Shaw*, 5 Mason, 241; *Ilderton* v. *Atkinson*, 7th Term, 480.)

V.   If the certificate had not been indorsed by appellants, and no contract of guaranty or idemnity had been made by them, yet as they obtained the money from respondents upon an instrument to which they had no title, they are compellable to refund.

"When a bill is assignable only by indorsement," says Chitty in his Treatise on Bills (page 260), "as no interest can be conveyed otherwise than by that act, and as it is a general rule that no title can be obtained through a forgery, any person getting possession of it by a forged indorsement will not acquire any interest in it although he was not aware of the forgery." And again (page 428), "where bankers discounted for the defendants a bill which they did not indorse, and it turned out that the names of the drawer and acceptor were forged, it was held that the bankers might recover the amount from the defendants, although it appeared they were bill-brokers and acted only as agents, and had paid over the amount, because they delivered the instrument to plaintiffs as a bill, whereas it turned out not to be a bill." (*Fuller* v. *Smith*, Ry. & Moody, 49; *Jones* v. *Ryde*, 1 Marsh, 157; *Bruce* v. *Bruce*, Id. 165.)   The case of *Canal Bank* v. *Bank of Albany* (1 Hill, N. Y. 287) by the extraordinary closeness of its analogy to the case at bar, completely settles every material question involved in this appeal.

VI.   A certificate of deposit, in its legal character and construction, is analogous to a promissory note. (*Bank of Orleans* v. *Merrill*, 2 Hill, 295; *Ellis* v. *Mason*, 1 English Jurist, 380;

Edwards on Bills, 348.)    And the indorsement of appellants, by procuration (through their authorized agent, Hayden), was intended to be, and became a warranty of the genuineness of the signature of Cox, and an indemnity against loss by reason of any defect therein.    It was in effect a contract to refund the money to respondents, if that signature proved to be a forgery.

The rule is thus stated in Story on Promissory Notes, Sec. 380 : "It is true that every indorser of a note, like the indorser of a bill of exchange, does by his indorsement impliedly admit the signatures of the antecedent indorsers to be genuine.    But this proceeds upon the intelligible ground that every indorser undertakes that he possesses a clear title to the note deduced from and through all the antecedent indorsers, and that he means to clothe the holder under him with all the rights which by law attach to a regular and genuine indorsement against himself and all the antecedent indorsers.    It is on this confidence that the holder takes the note, without further explanation, and if each party is equally innocent, and one must suffer, it should be he who misled the confidence of the other, and by his acts held out to the holder that all the indorsements are genuine." (*Oliver* v. *Andry*, 7 Louisiana, 496.)    "The last indorsement of a note or bill is a guarantee of all preceding indorsements ; it admits the handwriting of the drawer and all prior indorsers.    The last indorser is consequently liable although the preceding indorsements were forgeries." (*Harris* v. *Bradley*, 7 Yerger, 310.)    "There is a warranty implied in the transfer of every negotiable instrument, that it is not forged." (*Herrick* v. *Whitney*, 15 Johns. 240.)    A bank is entitled to recover against the second indorser of a note discounted by the bank, although the indorsement of the name of the payee is a forgery, and although the note was offered for discount by the maker and not by the second indorser. (*State Bank* v. *Fearing*, 16 Pick. 533.)    "The objection seems to be that Foote was responsible upon the implied warranty of the genuineness of the cheque and of his own title to it, which it has been repeatedly held accompanies the transfer of all negotiable paper." (*Murray* v. *Judah*, 6 Cowen, 491 ; *Smith* v. *Chester*, 1 Term, 654 ; *Lambert* v. *Pack*, 1 Salk. 127.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

In the year 1859, Joseph Cox, deposited with the plaintiffs, who are bankers, in the City of Sacramento, the sum of $2,000, for which they issued to him a certificate of deposit, in the usual form. Afterwards, in 1861, the certificate was presented for payment at their banking house, indorsed as follows:

" Pay to the order of Daniel Clark.
                                     " JOSEPH (his X mark) COX.
" Pay to the order of Wells, Fargo & Co.
                                     " DANIEL CLARK.
" Indorsement of Daniel Clark is correct.
                                     " W. F. & CO.—ELDRIDGE."

It was duly paid upon presentation, to the agent of Wells, Fargo & Co., the defendants. Immediately after the payment, it was noticed that the indorsement of Wells, Fargo & Co. did not certify to the genuineness of the signature of Cox, and one of the plaintiffs proceeded with the certificate to the office of the defendants, and there found one Hayden, an agent of defendants, from whom they demanded a repayment of the money, or a guarantee of the genuineness of Cox's signature. Hayden thereupon wrote upon the back of the certificate, " For Wells, Fargo & Co.—Hayden," and handed it back, saying, " That makes it all right," and he then returned with it. It seems that the certificate had been lost by or stolen from Cox, and that his pretended signature was a forgery. After the payment of the certificate to Wells, Fargo & Co., Cox sued the plaintiffs to recover the amount of the certificate, and they gave immediate notice thereof to Wells, Fargo & Co., and endeavored, unsuccessfully, to make them parties to the action, the motion to that effect being opposed by the defendants. Cox recovered judgment in that suit against the plaintiffs on the first day of November, 1861, for $2,125 53, which they paid. They then demanded of the defendants the repayment of the amount thus paid by them, which was refused, and the plaintiffs then brought this action to recover the same. At the trial the jury found the following special verdict:

1st.  Did the defendants receive from plaintiffs, on delivery of the certificate of deposit in evidence in this case, the sum of $2,000 ?  Answer—Yes.

2d.  Did the defendants receive said sum as principals, or as agents for Daniel Clark ?  Answer—As agents for Daniel Clark.

3d.  Did D. O. Mills & Co. know at the time the money was paid to the defendants that the defendants were only acting as agents ?  Answer—No.

4th.  Did the defendants, in the course of business, pay the money collected by them to said Daniel Clark ?  Answer—Yes.

5th.  Did the plaintiffs have notice at or before they paid the said $2,000 to defendants that the indorsement of Cox on the certificate was a forgery ?  Answer—No.

6th.  Had the plaintiffs notice before such payment that Cox had lost said certificate ?  Answer—No.

7th.  How much money did plaintiffs pay to Cox in the suit of *Joseph Cox* v. *D. O. Mills & Co. ?*  Answer—$2,125 53.

8th.  Did the defendants, by their agent, Hayden, guarantee the genuineness of the signature of Joseph Cox ?  Answer—Yes.

9th.  Did defendants, by indorsement, contract with plaintiffs to idemnify them against loss by reason of the want of indorsement of Joseph Cox ?  Answer—Yes.

10th.  Were the plaintiffs guilty of any negligence in paying the money, on presentation of the certificate, without verifying the signature of Joseph Cox ?  Answer—No.

Judgment was rendered on this verdict in favor of plaintiffs, from which defendants appeal.

The first error assigned is that the complaint does not state facts sufficient to constitute a cause of action.  In support of this it is argued that the right to recover depends upon two grounds, either that the money was paid by mistake, or that the defendants are liable as guarantors of the genuineness of the indorsement of the payee, and that the facts upon which these different claims of recovery are founded are all stated in one complaint.  We do not deem these valid grounds of objection.  It was only necessary for the plaintiffs to state the facts of their case in ordinary and concise language, and if such facts showed that they had a right of action

against the defendants, it is clearly sufficient, even though it also showed that they had a right to recover upon two different legal grounds. It may be that the plaintiffs paid the money to the defendants by mistake, and also hold them liable as indorsers or guarantors. Either would constitute a good cause of action, and it does not make their complaint insufficient because they have two good grounds of recovery instead of one.

The next point urged is that there was no evidence to show that Hayden was authorized to bind the defendants by giving a guarantee or indorsement, and that the special findings of the jury upon that point are not sustained by the evidence. It is not denied that there was some evidence to support these findings, and in such cases, when the evidence is conflicting, this Court will not disturb the verdict, especially when it is sustained by the Court below, on motion for new trial, as in this case.

It is also contended that there was no evidence to show that the defendants were guarantors or indorsers of the genuineness of Cox's signature. The certificate was indorsed by Clark, payable to the order of Wells, Fargo & Co., and the plaintiffs were not bound to pay it until indorsed by them. (Canal Bank v. Bank of Albany, 1 Hill, 287.) Their indorsement by Hayden was found to have been made by their authorized agent, and, therefore, binding upon them by the special verdict. By this indorsement the defendants, in contemplation of law, undertook that they possessed a clear title to the certificate deduced from and through all the antecedent indorsers, and they agreed thereby to clothe the holder under them with all the rights which legally attach to genuine indorsements against themselves and all the antecedent indorsers. As such indorsers, they cannot complain if called upon to repay the money which they have received upon their indorsement of a title which turns out to be void on account of the forgery of the antecedent indorsement, for there is a total failure of the consideration on which the transfer was made. (Story on Prom. Notes, Sec. 380 and note.) The law upon this point seems to be well settled, as applicable to bills of exchange and promissory notes, and certificates of deposit stand in these respects upon the same footing as promissory notes. (Welton v. Adams, 4 Cal. 30; McMillan v.

*Richards*, 9 Id. 418 ; *Coye* v. *Palmer*, 16 Id. 159.)    This objection, therefore, is not a valid one.    The law relating to guarantees has no bearing upon the present case.    The fact that the special verdict refers to the liability of the defendants as being a guarantee, does not bring the case within the rules of law relating to guarantees.    The evident meaning is, that the defendants, by their agent, Hayden, undertook and agreed that the signature of Cox was genuine.    Such is clearly the rule of law applicable to cases of this kind.    The case of the *Canal Bank* v. *The Bank of Albany* (1 Hill, 287) is very similar to the present, and many of the points insisted on by the appellants were passed upon and ruled against them by that Court.    The opinion delivered by Justice Cowen in that case is a masterly exposition of the law upon the subject.    (See, also, *Dick* v. *Leverich*, 11 Louis. 576 ; *Talbot* v. *Bank of Rochester*, 1 Hill, 295 ; *Hartsman* v. *Henshaw*, 11 How. 183 ; *Harris* v. *Bradley*, 7 Yerg. 310 ; *Olivier* v. *Andy*, 7 Louis. 496 ; *Herrick* v. *Whiting*, 15 Johns. 240 ; *State Bank* v. *Fearing*, 16 Pick. 533.)    If the jury had used the word " warranty " instead of guaranty, it would have more clearly expressed their meaning, but the difference in the terms used is not sufficient to avoid the effect of the verdict.

It is also objected that the third finding of the special verdict is contrary to the evidence.    It is not contended that there was any direct proof that the plaintiffs knew at the time the money was paid to the defendants that they were only acting as agents, but it is urged that it is fairly to be inferred from the evidence.    It was for the jury to determine this matter, and we see no good reason for setting aside their finding upon this point, or upon the question whether the plaintiffs were guilty of negligence in paying the money.

The next error assigned is the admission in evidence of the judgment roll in the case of *Cox* v. *Miller & Co.*, the defendants not being parties thereto.    We do not see how the defendants were prejudiced in any way by the admission of this evidence.    It is true they were not parties to that action, but the plaintiffs endeavored to make them parties, and they had full notice of the suit, but refused to become parties to it.    The plaintiffs in their complaint

averred that such a suit was commenced, prosecuted, and a judgment rendered therein, and it was certainly admissible to prove those allegations, whatever its effect may have been, by way of concluding the defendants, or estopping them from denying the truth of the issues found and determined in that action. If this judgment roll was not necessary to make out the plaintiffs' case, its admission was merely surplusage, and could not injure the defendants. If it was necessary, then they have no right to have it excluded. It was not necessary to introduce it to prove that Cox's signature was a forgery, for that fact was not in issue, it being averred in the complaint and not properly denied by the answer, the pleadings being sworn to.

It is also assigned for error, that the costs paid by plaintiffs in the case of *Cox* v. *Mills & Co.* were included in the judgment. It seems to have been held that in actions like these against the indorser of a note or bill, the indorser is liable for such costs (*Scott* v. *McLellan*, 2 Green. 199; *Hubbly* v. *Brown*, 16 John. 70; *Jones* v. *Brooke*, 4 Taunt. 464; *Birt* v. *Kershaw*, 2 East. 458; *Edmunds* v. *Lowe*, 8 Barn. & Cress. 467), and we therefore overrule that objection.

The last objection of the appellants is that a demand is necessary in this case to hold the defendants liable, that no special demand is averred in the complaint, and none proved on the trial. It is doubtful whether a special demand was necessary in this case; but if necessary, the objection is not valid. The complaint avers that soon after the suit of Cox was instituted, they notified the defendants of the action, and moved the Court to make them parties, of which motion they were duly notified, and they appeared and opposed the same. After setting forth the facts relating to the liability of the defendants, and stating the amount, the complaint avers—" which, although requested, they have hitherto and still do refuse to pay." These averments are not denied by the answer, and no objection was made to the sufficiency of the averments in the complaint by demurrer, answer, or otherwise, either before or at the trial, or at any time in the Court below. Nor was a want of demand set up as a defense; but it is now, in this Court, for the first time, insisted that the averment of demand is insufficient,

because it does not state when or by whom made.   There is no doubt that in pleadings in common law actions, whenever a special demand was necessary, that it was required to be stated in that mode, and that the general averment of "although often requested" was not sufficient, but such pleadings were not required to be sworn to.   In the present case there is a specific averment in the complaint, duly sworn to, that the defendants were requested, and refused to pay the amount claimed; and this fact, not being denied, is admitted by the answer.   The objection is that the averment is not sufficiently certain, because it does not state the particular circumstances of time and the parties to the demand.   We think that objection can only be raised by demurrer, for want of certainty, that any such defective averment is cured by the verdict and judgment, and the objection cannot be raised in this Court for the first time.   Had it been pointed out in the Court below, it could have been cured by amendment.

Judgment affirmed.