W. E. PURCELL *vs.* ST. PAUL FIRE & MARINE INSURANCE CO.

Opinion filed June 7th, 1895.

### Complaint Upon Policy of Insurance—Directed Verdict.

The complaint set up a good cause of action on an insurance policy; also a good cause of action on a promise to pay a specified amount in settlement of the loss thereunder. Defendant put in issue the allegations of both causes of action, and set up as an affirmative defense a defense which was good only on the theory that the action was on the policy. No motion was made by defendant, either before or at the trial, to compel the plaintiff to elect on which cause of action he would stand. It was not precluded by the action of the court or of plaintiff from availing itself on the trial of the defenses to the cause of action on the policy set forth in its answer, nor did it offer evidence to sustain them. *Held*, that the trial court did not err in directing a verdict for plaintiff where the undisputed evidence established a liability under the policy, although the plaintiff failed to prove the alleged promise.

### Evidence of Disclosure of Defendant Upon Garnishment in Another State Competent.

*Held*, further, that an exemplified copy of the record of garnishee proceedings against defendant herein in an action in the State of Minnesota against the insured, in which appeared what purported to be defendant's disclosure therein, was competent evidence that such disclosure was in fact made, and therefore admissible against defendant as an admission by its officer in the course of his duty under the law.

### Foreign Garnishment—When no Defense.

In an action against A. in one state, the pendency of garnishment proceedings against A. in another state is no defense when it appears that at the time they were commenced A. knew that the defendant in the action in which they were instituted did not own the claim against A.

### Waiver of Notice of Loss.

Proofs of loss constitute notice of loss. If furnished too late to constitute notice of loss according to the terms of the policy, the company waives the element of time, under section 4179, Comp. Laws, by omiting promptly and specifically to object to them on the ground that they do not constitute timely notice of loss.

### Incompetent Evidence Cannot be First Objected to in Appellate Court.

When evidence is offered to establish a fact from which the law infers a waiver of notice of loss, and defendant does not object to the evidence as incompetent to establish such waiver under the pleadings, it is too late to raise the point for the first time in Supreme Court that the complaint sets forth a performance of the conditions of the policy relating to the giving of notice of loss, instead of a waiver of the performance of such conditions.

Appeal from District Court, Richland County; *Lauder*, J.

Action by W. E. Purcell against the St. Paul Fire & Marine Insurance Company. From an order denying a new trial after verdict for plaintiff, defendant appeals.

Affirmed.

*John E. Greene* and *Kueffner & Fauntleroy*, for appellant.

The defendant having been garnished in Minnesota, and the action in that jurisdiction not yet determined, the courts of this jurisdiction should not interfere until a determination of the case pending in the Minnesota court. Otherwise the garnishee may be made twice liable for payment of the same debt. *Grosslight v. Cresup*, 25 N. W. Rep. 505; *German Bank v. American Fire Ins. Co.*, 50 N. W. Rep. 53. This is not an action upon a policy of insurance but upon an express agreement to pay the loss which it is alleged was adjusted between the parties. Therefore the proof must sustain the finding that there was an express promise to pay. *Stockton Harvester Works v. Ins. Co.*, 33 Pac. Rep. 633. The burden was on plaintiff to show that the person making the agreement had authority to bind the company thereby. *Mitchell v. Minnesota Fire Ass'n*, 51 N. W. Rep. 608. The agency of the person must be shown before his acts or declarations are put in evidence. *Walsh v. St. Paul Trust Co.*, 39 Minn. 23; *Sencerbox v. McGrade*, 6 Minn. 334; *Woodbury v. Larned*, 5 Minn. 339, (Gil. 171.) Mere declarations or acts of the alleged agent, are not proof of his authority. *Bowlin v. Ins. Co.*, 46 Minn. 435; *Gude v. Ins. Co.*, 54 N. W. Rep. 1117. The conditions of the policy as to waiver are positive and charge the insured with notice of the limitations upon authority of agents. There is no proof of the agency of the person who adjusted this loss, or of his authority to waive any of the conditions of the policy. *Bourgeois v. Ins. Co.*, 57 N. W. Rep. 347; *Quinlan v. Ins. Co.*, 133 N. Y. 356; *Baumgartel v. Ins. Co.*, 136 N. Y. 547; *Frankfitter v. Home Ins. Co.*, 31 N. Y. Supp. 3. The court will not take judicial notice of the scope of an adjusters authority; it must be proven the same as any other fact. *Hollis* v.

*Ins. Co.*, 21 N. W. Rep. 774; *Barre* v. *Ins. Co.*, 41 N. W. Rep. 373; *Victoria Co.* v. *Frazer*, 29 Pac. Rep. 668; *German Ins. Co.* v. *Davis*, 59 N. W. Rep. 698. By the terms of the policy, written notice of loss must be immediately given, and proofs of loss must follow within sixty days after the fire. These preliminaries are conditions precedent to plaintiffs right of recovery. *Edgerly* v. *Farmers Ins. Co.*, 43 Ia. 589; 5 Ins. Law, Jr., 846; *Blakeley* v. *Phœnix Ins. Co.*, 20 Wis. 217; 2 May on Insurance, 1063; *Shapiro* v. *Ins. Co.*, 51 Minn. 239; *Shapiro* v. *Ins. Co.*, 63 N. W. Rep. 614; *Bowlin* v. *Ins. Co.*, 36 Minn. 433; *Sergent* v. *London L. & G. Ins. Co.*, 32 N. Y. Supp. 594; *Armstrong* v. *Ins. Co.*, 130 N. Y. 562; *Kirkman* v. *Farmers Ins. Co.*, 57 N. W. Rep. 952; *Lyon* v. *Ins. Co.*, 46 Ia. 631. The burden is on plaintiff to allege and prove all conditions precedent, as performed by him. *Rockford Ins. Co.* v. *Nelson*, 2 Ins. Law, Jr., 341; *Cooledge* v. *Continental Ins. Co.*, 30 At. Rep. 803. Notice and proofs of loss are not one and the same. *DeSilver* v. *Ins. Co.*, 3 Pa. St. 13; *O'Reilly* v. *Ins. Co.*, 60 N. Y. 169; *Knudson* v. *Ins. Co.*, 75 Wis. 202; *Perry* v. *Phœnix Ins. Co.*, 8 Fed. Rep. 643. If the terms of the policy have been waived, the waiver must be pleaded in the complaint. *Western Ins. Co.* v. *Thorp*, 28 Pac. Rep. 991; *Gillett* v. *Ins. Co.*, 36 Pac. Rep. 52; *Edgerly* v. *Ins. Co.*, 43 Ia. 591; *Weidert* v. *Ins. Co.*, 24 Pac. Rep. 242; *Boon* v. *Ins. Co.*, 37 Minn. 426; *Hand* v. *Ins. Co.*, 59 N. W. Rep. 538; *Vanhue* v. *Ins. Co.*, 26 N. E. Rep. 120.

*W. E. Purcell, C. E. Wolfe* and *L. B. Everdell*, for respondent.

If the loss was unadjusted at the time of the Minnesota garnishment, the garnishment was ineffectual. *Gies* v. *Bechkner*, 12 Minn. 183; *Mansfield* v. *Stevens*, 16 N. W. Rep. 455. If the loss was adjusted and the account stated, then the claim had been transferred, prior to the service of the garnishment summons the garnishee had notice of the transfer and disclosed it. That exhonerated appellant. *Williams* v. *M. & St. L. Ry Co.*, 6 N. W. Rep. 445; *Bailey* v. *N. P. Ry. Co.*, 17 N. W. Rep. 567. The assignment of the chose in action, conveyed the title to the

assignee—and the garnishment created no lien against the assignee. *McDonald* v. *Kneeland*, 5 Minn. 294; *Lewis* v. *Lawrence*, 15 N. W. Rep. 113. The pendency of the garnishment proceedings cannot be set up in bar of this action, or any part thereof. *Irvine* v. *Lumberman's Bank*, 2 W. & S. (Pa.) 190; Fitzsimmons Appeal, 4 Pa. St. 248; *Near* v. *Mitchell*, 23 Mich. 382; *Kase* v. *Kase*, 34 Pa. St. 128; *Brown* v. *Scott*, 51 Pa. St. 357; *Wallace* v. *McConnell*, 13 Pet. 136. All the evidence offered and received was competent to show the authority of the adjuster to adjust the loss and make the agreement to pay it. *Aultman, Miller & Co.* v. *Dodson*, 62 N. W. Rep. 708; *Hirschman* v. *Iron Range R. R. Co.*, 56 N. W. Rep. 842. The facts proven show a complete and binding ratification of the adjusters settlement. *Mitchell* v. *Minnesota Fire Ass'n*, 51 N. W. Rep. 608; Story Agency, § 251; Meecham Agency 127. Appellant denied its liability upon the policy. This waived notice of loss. *Johnson* v. *Ins. Co.*, 1 N. D. 167; *Brown* v. *Ins. Co.*, 31 How. Pr. 508; *Smith* v. *Glen Falls Ins. Co.*, 62 N. Y. 85; *Illinois Mutual Ins. Co.* v. *Archdeacon*, 82 Ill. 236; *Parker* v. *Amazon Ins. Co.*, 34 Wis. 364; *Cobb* v. *Ins. Co.*, 11 Kan. 93. Appellant accepted proofs of loss and adjusted the loss. This waived all defects in the notice and proofs. *Parker* v. *Amazon Ins. Co.*, 34 Wis. 364; *Aurora Ins. Co.* v, *Krauich*, 36 Mich. 289; *Ins. Co. of N. A.* v. *Hope*, 58 Ill. 75; *Humphrey* v. *Hartford Ins. Co.*, 15 Blatch. 504; *Enterprise Ins. Co.* v. *Parisot*, 35 Ohio 35; *Williams* v. *Niagara Ins. Co.*, 50 Ia. 561; *Badgers* v. *Glen Falls Ins. Co.*, 49 Wis. 389; *State Ins. Co.* v. *Maakens*, 9 Vroom 429. Respondent was not obliged to plead waiver of proofs of loss. *Gans* v. *St. P. F. & M. Ins. Co.*, 43 Wis. 108; *West Rockingham Ins. Co.* v. *Sheets*, 26 Grat. 854; *Ferrer* v. *Home Ins. Co.*, 47 Cal. 416; *Tray Ins. Co.* v. *Carpenter*, 4 Wis. 20; *St. Louis Ins. Co.* v. *Kyle*, 11 Mo. 278; *Waddell* v. *Morrell*, 26 Wis. 614; *Webster* v. *Ins. Co.*, 36 Wis. 67; *N. W. Life Ins. Co.* v. *Ins. Co.*, 40 Wis. 446.

CORLISS, J. Plaintiff has obtained a verdict against defendant on a claim arising out of the insurance of the property of one

Horatio Taylor by defendant. The verdict in favor of plaintiff was directed by the court at the close of the case. From an order denying a motion for a new trial this appeal is taken.

Defendant contends that the court should have granted its motion made at the trial that the court direct a verdict in its favor on account of the failure of the plaintiff to prove his case. The complaint alleges the incorporation of the defendant, the ownership of the insured property by Taylor, the execution and delivering to him by defendant of an insurance policy wherein and whereby defendant insured this property against all loss or damage by fire for the period of five years from the date thereof, the destruction of such property by fire, the making of proofs of loss by Taylor; and alleges in terms a performance of all the other conditions of such policy of insurance on his part. Then follows an averment in these words: "That thereafter, and on the 3d day of November, 1893, the said Horatio Taylor and defendant adjusted the amount of said Taylor's loss and damage by reason of said fire, and it was then mutually agreed between the said Taylor and the defendant that in settlement of the said Taylor's claim for loss under said policy of insurance by reason of said fire he would accept from the defendant, and the defendant should pay to the said Taylor, the sum of seven hundred dollars; and the defendant, in consideration of such settlement of the said Taylor's claim for such loss and damage, then promised and agreed to pay to said Taylor said sum of money." The defendant further alleges that at a specified time Taylor assigned "to one James Purdon all the right, title, and interest of the said Horatio Taylor in and to the said claim against the defendant by reason of said insurance and said loss and said adjustment and settlement;" and, further, that Purdon thereafter assigned to the plaintiff "all his right, title, and interest in and to the said claim against the said defendant by reason of the insurance and loss and of the adjustment and settlement aforesaid." Then follows an averment that defendant has not paid "the said loss or the said sum of money." It is apparent from this analysis of the complaint that the pleader

has set up two causes of action for the same claim,—one arising out of the contract of insurance, the destruction of the insured property by fire, and the adjustment of the loss from such fire, thus fixing the amount of recovery; the other springing from the express agreement of the defendant to pay the sum of $700 in settlement of Taylor's claim for his loss under the policy. The insured, in case there has been an adjustment and an agreement to pay a stipulated sum, may sue on his promise, or he may, at his option, fall back upon the policy for his cause of action. 2 Wood, Ins. § 450. In case he unites both causes of action in the same complaint, the defendant has his remedy by motion to make the pleading more definite, or possibly to compel the plaintiff to elect on which theory he will proceed. Under common law rules of pleading the objection that the declaration was faulty for duplicity had to be taken advantage of by special demurrer. This is stated to be the law by Stephens, Chitty, and Bliss. Steph. Pl. 251; 1 Chit. Pl. 226; Bliss, Code Pl. § 288. Mr. Bliss says: "This vice, both in the declaration and in subsequent pleadings, is treated as a fault in form merely, and can only be brought to the notice of the court by special demurrer." Indeed, he indicates that different grounds of recovery may be set forth in the same pleading where they are stated in different counts, and this is expressly held in many cases, as we shall see. We are not called upon to express any opinion upon that point. But it is clear that the settled rule was that the party could attack the pleading only by special demurrer. Special demurrers have been abolished in this state, and it is no longer a ground of demurrer under our procedure that the plaintiff has set forth two causes of action in his complaint, when his purpose is to recover only a single claim. It is not a case of failure to set forth a cause of action. Instead of that the complaint states two causes of action. Bliss, Code Pl. § 293; *Mills* v. *Barney*, 22 Cal. 240. Such a case would not fall within any other ground of demurrer. Comp. Laws, § 4909.. But the defendant may move to compel the plaintiff to elect on which theory he will try his case. If he does not

so move either before or at the trial, the plaintiff may recover on either cause of action if the evidence will justify such a recovery. *Conaughty* v. *Nichols*, 42 N. Y. 83-88; Bliss, Code Pl. § 292. In the case in 42 N. Y. the court said: "If they choose to accept the complaint without moving to strike out any portion of it, or to compel the plaintiff to make it more definite, or to elect in regard to the form of action, they should not upon the trial have been allowed to prevent a recovery by the plaintiff of a judgment for the amount of his demand. * * * It is quite probable that the plaintiff intended, down to the trial, to recover against the defendants for a wrongful conversion of the proceeds of the sale of the property consigned to them and doubtless the mistake should have been fatal but for the ample statement of facts contained in the complaint, which justified a recovery on contract for the amount of his demand. It does not follow that, because the parties go down to the trial upon a particular theory, which is not supported by the proof, the cause is to be dismissed, when there are facts alleged in the complaint, and sustained by the evidence, sufficient to justify a recovery upon a different theory or form of action. There is no substantial reason why, under such circumstances, a party should be turned out of court, and compelled to commence a new action, thereby occasioning expense, delay, and multiplicity of suits to accomplish a just result. It is against the spirit and letter of the Code, and substantial justice is not promoted thereby." Mr. Bliss says that, if no objection is made by motion, the objection is waived, "and, if plaintiff shows himself entitled to relief on either ground, it should be given him." Section 292. To same effect are *Hawley* v. *Wilkinson*, 18 Minn. 525, (Gil. 468;) *Plummer* v. *Mold*, 22 Minn. 15; *Fern* v. *Vanderbilt*, 13 Abb. Prac. 72; *Seymour* v. *Lorillard*, 51 N. Y. Super. Ct. 399; *Waller* v. *Lyon*, 17 N. Y. Wkly. Dig. 305; *Roberts* v. *Leslie*, 46 N. Y. Super. Ct. 76; *Longprey* v. *Yates*, 31 Hun. 432; *Birdseye* v. *Smith*, 32 Barb. 217; *Velie* v. *Insurance Co.*, 65 How. Prac. 1; *Dorr* v. *Mills*, 3 Civ. Proc. R. 7; *Blank* v. *Hartshorn*, 37 Hun. 101; *Rothchild* v. *Railway Co.*, (Sup.) 10 N. Y. Supp. 36. Indeed

many of these cases hold that it is entirely within the discretion of the court to allow both causes of action to stand, and in some of them the action of the trial court refusing to compel the plaintiff to elect was sustained; and in one case—*Blank* v. *Hartshorn*—the general term reversed an order of the special term compelling the plaintiff to make such election. To hold that a defendant; without calling upon the plaintiff to elect on which cause of action he will stand, can at the end of a trial, insist that the case shall be dismissed because the plaintiff has not sustained one cause of action, although the other is fully made out, would be to establish a rule which did not exist under a much less liberal system of procedure than that under which we are now administering justice. The defendant has at no time called upon the plaintiff to elect on which cause of action he would proceed. On the contrary, the whole scope of its answer makes it plain that defendant intended to put in issue material averments of the complaint under both causes of action. The answer denies the ownership of the property by Taylor, its destruction by fire, the furnishing of proofs of loss by Taylor, and the fact that he has performed the other conditions of the policy. In fact every allegation is controverted except those relating to the issue of the policy and the non-payment of the plaintiff's alleged claim. If defendant was not defending this case on the theory that the complaint set up a cause of action on the policy, but on the sole hypothesis that the suit was on the promise to pay $700 in settlement of the loss, it is strange that it should have wasted any time in denying averments which, on the latter theory of the case, were utterly immaterial. If the action was on the promise alone, then defendant would be successful if the promise was not established, although all the other facts were admitted. On the other hand, if plaintiff should succeed in establishing such promise, then these other allegations of the complaint would become immaterial, and disproof of them would not save the defendant from defeat. 2 Wood, Ins. § 450.

Defendant, in its answer, alleged as a defense that the fire was

set by Taylor for the purpose of obtaining the insurance money. But this would constitute no defense to an action on the promise, in the absence of further allegations showing a right on the part of the defendant to rescind the alleged settlement. It would, however, constitute a perfect defense to an action on the policy, and was plainly inserted in the answer on that theory. The complaint contained a perfect cause of action on the policy. It also set forth a cause of action on the promise. Defendant, without moving to have plaintiff elect on which cause of action he would stand, saw fit to interpose an answer to both causes of action. It might have protected itself fully by compelling the plaintiff to choose his ground of recovery. In that event it would have only one cause of action to answer and litigate. It cannot claim that it has been debarred from proving defenses that would be good to an action on the policy, for there were in fact several such defenses set up in the answer, and they could unquestionably have been proved on the trial, the plaintiff having failed to make out a case against defendant under the alleged promise. The condition in which the defendant found itself on the trial could not have been forced upon it against its wish. It might have compelled the plaintiff to elect. Instead of doing this, it accepted the issues tendered, and went to trial on them. Had the trial court ruled that no defense to the cause of action on the policy should be proved, then a different question would be presented; but defendant made no attempt to establish any defense on this theory of the case. It was not because of the condition of the pleadings, but because of its own voluntary failure to offer evidence, that it failed to establish a defense to the cause of action on the contract of insurance. The case of *Stockton Combined Harvester & Agricultural Works* v. *Glen's Falls Ins. Co.*, (Cal.) 33 Pac. 633, is not directly in point. In that case the whole emphasis of the complaint was on the promise to pay, made after adjustment. But in this case the real stress of the pleading appears to be placed on the contract of insurance. The plaintiff set forth the contract, the ownership by Taylor of the

insured property, the destruction thereof by fire, the making of proofs of loss, and the performance of all the conditions of contract of insurance to be performed on the part of the insured, the fact that the amount of the damage occasioned by the fire had been fixed at the sum of $700; and averred the assignment to Purdon, and by him to plaintiff, of the claim against the defendant, by reason, not of the promise to pay, but by reason of the insurance, loss, adjustment, and settlement; and in conclusion it is alleged, not only that defendant has not paid said sum of money, but also that it has not paid said loss. The whole trend of the complaint seems to indicate a purpose on the part of the pleader to rely on the promise to pay on the adjustment of the loss only as fixing the amount of such loss. Certainly, in view of the other averments of the complaint, it cannot be said that by a single allegation of a promise to pay, in connection with an allegation as to adjustment of the loss, the pleader has precluded himself from claiming that his action is on the policy, when defendant has not called on him to elect, but has by his answer treated it as an action thereon as well as on the promise. In the case in 33 Pac., the defendant does not appear to have treated the complaint by his answer as embracing a cause of action on the policy, as defendant has done in this case.

The question then arises whether plaintiff established a cause of action on the policy. The only defect of proof on that theory of the case which is here urged relates to the extent of the damage sustained by the loss. We think there was ample evidence on this point, and, there being no proof to the contrary, the court was justified in directing a verdict for the plaintiff. The evidence to establish the amount of the loss was contained in a disclosure made by defendant's president in garnishee proceedings in the State of Minnesota. In a suit in that state, brought against Taylor, the plaintiff in that action served a garnishee summons on the defendant herein, and such defendant, through its president, made disclosure that, while it disputed its liability for the loss, the amount thereof had been adjusted by it, and

fixed at the sum of $700; and that, in case it was liable at all, this was the amount of its liability. This was the only additional fact which the plaintiff herein needed to prove to make out his case, and this admission by the defendant in its disclosure, which was in a sense its answer in the garnishment proceedings, fully established such fact. It was not contended on the trial that the papers received in evidence were not an exemplification of the record of the action in Minnesota. The disclosure of the defendant therein was in the nature of answer in a judicial proceeding. The garnishment law of Minnesota gave Taylor's creditors a right to institute in effect an action on the policy against the insurance company by the garnishment proceedings. This action within an action proceeds in all respects as the main action itself in case the garnishee denies liability and the plaintiff desires to litigate that question in that action. In such a case the plaintiff, with leave of court, files his supplemental complaint against the garnishee, and the latter answers it, and the issues thus presented are tried the same as the issues in the main action. But if the garnishee in his disclosure admits his liabilty to the defendant in the action, no supplemental complaint and answer thereto are necessary, and judgment against the garnishee is, at the proper time, rendered upon the disclosure. That there may be a record on which this judgment can be entered, the law requires the officer taking the disclosure to take full minutes of the same, and file them with other papers in the case. The disclosure is thus made a record in the action. Like all other records, it imports verity. What it purports to show is deemed true. There is stronger reason for putting faith in the truthfulness of the statements of a record that it contains the disclosure made by a garnishee than for accepting as true the utterances of a record that a certain paper therein is the answer of a defendant. The record in the former case has behind it the oath of a sworn officer; i. e. the officer who takes the disclosure of the garnishee. Such disclosure is not merely testimony. It is a record in a judicial proceeding, and, if it purports to contain the admissions of

the defendant, as it does in this case, it must, like all other records, be regarded as speaking the truth. . In this case it is a record in a proceeding against the same defendant .on the same claim; and on principle it is as competent evidence of defendant's admissions as would be a record of an answer in an action brought by Taylor himself against the defendant to enforce the same alleged liability. This garnishment record would have been admissable in the State of Minnesota as against this defendant. It must have the same faith and credit here. The disclosure of a coporation is required to be made by an officer thereof. It must, therefore, be presumed that the officer who makes such discosure had authority to make the same for the corporation. The garnishment law of Minnesota was proved in this case as a fact. See § § 164-187, both inclusive, of title 10, Ch. 66, of the General Statutes of 1878, (§ § 5306-5331, Gen. St. 1894.)

There remains one more point to be considered. The defendant interposed as a plea in abatement the pendency of these garnishment proceedings in that state. Assuming, without deciding, that such a plea would be good in a proper case, it is clear that defendant's own answer defeats its plea. It alleges that more than a month before the institution of the garnishment proceedings against it the defendant Taylor in that action assigned his claim against the garnishee to Purdon, and that Purdon notified the defendant herein of such assignment. It thus appears that at the time the plaintiff in the action in Minnesota sought to attach the claim against the garnishee as the property of Taylor it was not his property, but belonged to Purdon, who thereafter assigned it to plaintiff. These facts would establish a perfect defense to the garnishment proceedings in Minnesota. It is plain that the garnishee cannot be held liable therein. *Mansfield* v. *Stevens*, (Minn.) 16 N. W. 455; *Williams* v. *Railroad Co.*, (Minn.) 6 N. W. 445; *Macdonald* v. *Kneeland*, 5 Minn. 352, (Gil. 283;) *Lewis* v. *Lawrence*, (Minn.) 15 N. W. 113. It is a significant fact that, while the garnishee might have secured his discharge, or compelled the plaintiff in that action to proceed to enforce the

claim against it, it had at the time of the trial of this action, taken no such steps, although nearly a year had then elapsed since the disclosure was made. The defendant, therefore, is in this position before this court: It claims and shows that it has a perfect defense to these garnishment proceedings, and yet urges its failure to secure a discharge therefrom as a reason why this plaintiff should wait until it has seen fit to move for a discharge. The plaintiff is under no obligation to make such a motion, and none of the parties to the proceedings in Minnesota have any interest in making it, while one of them at least—the garnishee therein, the very defendant in this case—has a direct interest in permanently postponing the day of its discharge as such garnishee. The case of *Williams* v. *Ingersoll*, 89 N. Y. 508-525, is directly in point as fully supporting our view that, under the facts of this case, the pendency of the garnishment proceedings constitutes no defense to the action.

The judgment of the District Court is affirmed. All concur.

### ON REHEARING.

Corliss, J. The only question not already discussed in the opinion in this case is the question of notice of loss. We assumed, in writing such opinion, that there was evidence that notice of loss had been given according to the provisions of the policy. On discovering our error in this particular, we granted a rehearing. It is obvious from the terms of the contract that the giving of immediate notice of loss in writing was a condition precedent to liability. No such notice was given apart from that contained in the proofs of loss. That proofs of loss constitute notice of loss cannot be doubted. See *Weed* v. *Insurance Co.*, (N. Y. App.) 31 N. E. 231-234. When the proofs of loss in this case were furnished we are unable to say from the evidence. In view of the fact that the burden was on plaintiff to establish a case under the policy, we are compelled to hold that he has failed to show that immediate notice of loss was given by the furnishing of proofs of loss. They may not have been furnished until after it was too late under the terms of

the policy to give notice of loss. Of course, the provision requiring immediate notice of loss must have a reasonable construction. A notice given within a few days after the loss would be in time. May, Ins. § 462. But the record does not show that the proofs of loss which constituted the only written notice given were furnished within a few days after the fire. But we are clear that there was ample evidence that the giving of immediate notice of loss was waived. When the proofs of loss were received by defendant, there is no pretense that it promptly, or at all, objected to their receipt, either as timely proofs of loss or as timely notice of loss. On the contrary, it retained such proofs of loss without objection or comment. Under our statute this constituted a waiver of timely notice. "Delay in the presentation to an insurer of notice or proofs of loss is waived if caused by any act of his or if he omits to make objection promptly and specifically upon that ground." Comp. Laws, § 4179. See, also, *Johnson* v. *Insurance Co.*, 1 N. D. 167, 45 N. W. 799. It is urged, however, that the plaintiff cannot sustain the judgment on the theory that notice of loss was waived for the reason that no such issue was tendered by the complaint. The allegation in that pleading is that notice of loss was in fact given according to the terms of the policy. But the evidence showing that proofs of loss had been furnished and were received without objection was evidence from which the law would infer a waiver of timely notice of loss. When offered, the defendant was bound to know that such evidence could be used for both purposes. If, therefore, defendant's counsel desired to raise the point that the waiver, which this evidence established as a matter of law, in the absence of proof that the defendant had objected to the proofs of loss as timely notice, was not pleaded, he should have objected to the evidence as being incompetent for the purpose under the pleadings. The result would have been an application to amend the complaint by setting up a waiver; and then if defendant had desired time to meet this new issue, the court, on a proper showing, would have

unquestionably granted him a continuance. Having allowed evidence to be received which established a waiver as a matter of law, without insisting that that issue was not within the pleadings, it is too late for it to raise the point for the first time in this court.

The judgment is affirmed. All concur.