[Civ. No. 1111.   Second Appellate District.—May 17, 1912.]

ANNA SCHARPF, Respondent, v. UNION OIL COMPANY
OF CALIFORNIA, a Corporation, Appellant.

NEGLIGENCE — IMPROPERLY   FILLED   EXCAVATION — OVERTURNING   OF
WAGON—PERSONAL INJURIES—CONFLICT AS TO PLACE OF INJURY—
QUESTION FOR JURY.—In an action to recover damages for personal
injuries alleged to have been sustained by the negligence of the
defendant in improperly filling an excavation made by the defend-
ant, at the junction of two streets, after removing its pipe-line there-
from, leaving the ground wet and soft, so that the wheel of
plaintiff's wagon sank therein, and overthrew her from her wagon
and frightened her horse to her serious injury, where there is con-
flicting evidence as to whether the wheel sank in that excavation,
or at some other place in the street, by this difference a question
of fact was presented to be solved by the jury, and its verdict
for plaintiff cannot be disturbed.

ID.—CONTRIBUTORY NEGLIGENCE NOT SHOWN AS MATTER OF LAW.—It is
held that the evidence does not show, as matter of law, that the
plaintiff was guilty of any contributory negligence barring her
recovery; that there was nothing presented to plaintiff's view, so
far as the testimony in the record shows, by which she should, as a
reasonable person, have apprehended the dangerous condition of the
pipe ditch, and that the evidence shows that she had no actual
knowledge of the real state of the hole or trench when she attempted
to drive across it at the junction of two streets.

ID.—EVIDENCE—MAPS FORMERLY FILED SHOWING LOCATION OF PIPE-
LINE—LOCATION AND EXCAVATION UNDISPUTED.—It was harmless to
admit in evidence maps prepared by the defendant and filed in the
city engineer's office, pursuant to city regulations, showing the loca-
tion of its pipe-line, though they were filed more than a year before
the accident, where there is no dispute in the evidence as to where
it was located, and as to the places where it was excavated, aside
from any evidence furnished by the maps.

ID.—EVIDENCE OF NEGLIGENCE—CITY ORDINANCE SHOWING REQUIRE-
MENTS AS TO REPLACING EXCAVATIONS.—It was proper to admit in
evidence an ordinance of the city showing the requirements made
in replacing earth in excavations made in the street, as bearing
upon the alleged negligence of the defendant in filling said excava-
tion.   It was not necessary that such ordinance should be specially
pleaded, to justify its admission in evidence; but the fact that de-
fendant failed to comply with such ordinance was evidence to estab-
lish the main fact as to negligence.

ID.—EVIDENCE OF PLAINTIFF'S SUFFERINGS.—The court properly permitted the plaintiff to describe in detail her sufferings resulting from the injuries received. Such evidence was proper for the consideration of the jury, where there is no evidence that her sufferings had been increased or made greater by improper treatment.

ID.—ABSENCE OF PREJUDICIAL ERROR.—It is held that no prejudicial error appears in the admission or rejection of evidence, or in the instructions of the court, which appear to have stated fully and fairly the law applicable to the case.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Lewis W. Andrews, Thomas O. Toland, Cedric E. Johnson, and T. F. Welch, for Appellant.

Gray, Barker, Bowen, Allen, Van Dyke & Jutten, for Respondent.

JAMES, J.—Plaintiff brought this action to recover damages for personal injuries suffered by her as the alleged result of the negligent acts of defendant. Judgment in her favor for $2,500 was entered upon the verdict of a jury. An appeal has been taken from the judgment, and also from an order denying a motion made by defendant for a new trial.

Plaintiff on the day when she suffered her alleged injuries was riding in a vehicle termed in the evidence a light delivery wagon, to which was attached one horse. She was proceeding down Boyle avenue, in the city of Los Angeles, and where that avenue intersects at right angles with Seventh street she turned about the corner preparatory to traveling toward the center of the city on said Seventh street. As she made this turn the left wheel of her vehicle sank into a hole, which caused her to pitch forward violently and fall to the ground. She was a large woman and struck the ground heavily upon her shoulder and received a severe shock and other injuries. As she fell to the ground the horse became frightened and started forward, pulling the wheels of the vehicle across her feet. Prior to the day upon which the accident to plaintiff occurred a four-inch pipe-line belonging to de-

fendant had been taken up from along Boyle avenue and across the intersection of that avenue with Seventh street, and the earth had been replaced in the excavation made in the course of that operation. The alleged negligence charged by plaintiff against the defendant consisted in defendant not having refilled said excavation properly and having left it in such a condition at the corner of Seventh street and Boyle avenue as to permit of the wheels of vehicles dropping down to a considerable depth in the earth which had become wet and soft. It was admitted by defendant that it was the owner of the pipe-line which had been taken up as described, that it had caused an excavation to be made for the purpose of removing the pipe, but it alleged that the earth had been properly refilled and tamped so as to leave the roadway in a good and passable condition. There was some difference between the testimony of certain of the witnesses as to whether the hole into which the wheels of plaintiff's vehicle sank was in the line of the refilled pipe ditch, or at some other point in the street, but by this difference a question of fact was presented to be solved by the jury and this court cannot review that matter. Appellant has suggested, among other contentions which it makes upon this appeal, that the uncontradicted evidence showed such negligence on the part of the plaintiff contributing to produce her injuries as to bar recovery therefor. We do not think that, as a matter of law, it can be said that plaintiff was guilty of any contributory negligence. She described the condition of the street as it appeared to her at the time, and also testified that the pipe ditch was filled with mud and water. She said that she was obliged to cross this soft portion of the roadway in order to turn down Seventh street, but that the point where she turned "looked like a mud puddle." She then said: "I could see that mud. I couldn't see how deep it was. It was soft mud in it. My right wheel got across all right, but the left wheel stuck in. It must be a weak spot what didn't have enough dirt in it." There was nothing presented to plaintiff's view, so far as the testimony in the record shows, by which she should as a reasonable person have apprehended the dangerous condition of the pipe ditch; no warning had been erected to give her notice that the soft condition of the surface continued to the bottom of the excavated part of the street, and it was shown that she had

no actual knowledge of. the real state of the hole or trench at the time she attempted to drive across it.   Certain maps prepared by the defendant and filed in the city engineer's office pursuant to the regulations of the city of Los Angeles, showing the location of the pipe-lines of defendant, particularly that laid along Boyle avenue, were offered in evidence and admitted under objection.   It was alleged that as these maps were filed more than a year prior to the date of the accident, they were not competent evidence to establish the location of the pipe-line which had been removed from Boyle avenue. Whatever force there may have been to the objection seems to be rendered of no effect when the fact is considered that by the whole testimony it does not appear that any dispute was made at all as to the location of that pipe-line, and there was ample evidence tending to establish the location in the street of the excavation made by defendant, aside from that furnished by the maps.   An ordinance of the city of Los Angeles, which prescribed the method to be followed in replacing earth in excavations made upon the public streets, was also admitted over the objection of defendant.   It is claimed that there was no warrant for the admission of this evidence, because nowhere in the complaint was it charged that defendant had failed to observe the requirements of such ordinance. It was not necessary that plaintiff should have set forth the existence of the ordinance and the noncompliance of defendant with it.   The ultimate fact was sufficiently charged in the complaint that defendant had refilled this excavation in a negligent manner and had so left it, which acts caused plaintiff to be injured.   The introduction of the ordinance merely furnished evidence tending to establish the negligent acts of defendant in that regard.   In other words, the plaintiff did not rely upon the breach of duty imposed by the ordinance as furnishing her ground for recovery, but relied upon the charge made in her complaint that she suffered her injuries through the negligence of defendant, and the fact that defendant had failed to comply with an ordinance of the city prescribing the method to be observed in refilling excavations so as to leave them reasonably safe was evidence tending to establish the main fact only.

We have carefully examined the other exceptions taken by defendant to rulings of the court made during the course of

the trial, of which there are a number, but do not consider that they possess enough merit to warrant extended discussion. The point is made that plaintiff should not have been permitted to describe in detail her sufferings entailed as a result of the accident. In order that the jury might properly consider the extent of plaintiff's injuries and fix the amount of damages to be awarded to her, they were entitled to know the amount of pain and suffering which she had undergone, and her testimony on that point was all within the limits of proper proof. The evidence did not show that her sufferings or her injuries had been increased or made greater by improper treatment. As to several exceptions taken to the refusal of the court to permit witnesses to testify in answer to certain questions asked by defendant, without here reciting the questions and objections, it is sufficient to say that in all of the instances where the admission of the precise testimony called for and ruled out might be considered properly as a debatable subject, the record of the testimony given shows, in other portions of it, that the matters so sought to be brought out were fully covered in substantial effect. We believe that the instructions to the jury stated fully and fairly the law as applicable to the case.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.