[Civ. No. 7376.   Third Dist.   Sept. 8, 1947.]

OLAN E. SMITH, Respondent, v. R. E. McLAUGHLIN et al., Appellants.

J. D. Boyle for Appellants.

Ray W. Hays for Respondent.

ADAMS, P. J.—The complaint filed in this action alleged that plaintiff sustained damage to his automobile by reason of the negligent operation of an Oldsmobile coupe by defendant John Doe (for whom the name William McLaughlin was later substituted) which caused said automobile to collide with plaintiff's automobile. The complaint further alleged, paragraph III:

"That at said time and place the defendant R. E. McLaughlin was the owner of an Oldsmobile Coupe automobile, which said automobile was being driven by the defendant John Doe; that the plaintiff is informed and believes, and therefore alleges, that at said time and place the defendant John Doe was the agent, servant and employee of the defendant R. E. McLaughlin, and was driving said automobile with the permission and consent of the said R. E. McLaughlin."

Defendants demurred to the complaint as failing to state a cause of action, for uncertainty, ambiguity and unintelligi-

bility in that it could not be ascertained therefrom how or in what manner defendant John Doe was the agent, servant and employee of defendant R. E. McLaughlin, or whether or not said John Doe was acting within the scope of his alleged employment. No other grounds of demurrer were asserted. The demurrer was overruled.

Defendants filed an answer in which they admitted that defendant R. E. McLaughlin was the owner of the Oldsmobile coupe, but denied the other allegations of paragraph III of the complaint. They also denied the allegations regarding the negligent operation of said Oldsmobile coupe.

The action was tried by the court sitting without a jury, and resulted in a judgment for plaintiff. Defendants moved for a new trial on the ground that no evidence was introduced to establish that William McLaughlin was the agent, servant or employee of defendant R. E. McLaughlin, and that no evidence was offered, nor was it set forth in the pleadings, that any agent was acting within the scope of his authority; and that the decision was against law for the same reasons. The motion was denied.

The trial court found that defendant R. E. McLaughlin was owner of the Oldsmobile coupe, that it was being driven by William McLaughlin with the consent of R. E. McLaughlin, and that the defendant William McLaughlin was guilty of negligence which caused the collision and resulting damage.

R. E. McLaughlin has appealed, the grounds for reversal being the same as those urged on motion for a new trial. More particularly, he asserts first that plaintiff's complaint states two causes of action, one based upon the theory of agency and the other on the theory that appellant is liable because of his ownership of the Oldsmobile and that it was being driven by William (his son) with his consent; and that said causes of action are not separately stated, thus violating section 427 of the Code of Civil Procedure. Secondly, he argues that plaintiff pleaded on the theory of *respondeat superior*, but failed to prove agency, and that he should not be permitted to recover on the theory that defendant William McLaughlin was driving the car owned by his father with the latter's consent, thus rendering appellant liable under section 402 of the Vehicle Code, without having amended his pleading with the consent of the court.

Appellant did not demur to plaintiff's complaint on the ground that two causes of action were pleaded without

being separately stated. So, even if it can be said that the complaint is defective in this respect, which need not be decided, appellant waived the defect. (Code Civ. Proc., § 434; *King* v. *Schumacher*, 32 Cal.App.2d 172, 179 [89 P.2d 466]; *Camozzi* v. *Colusa Sandstone Co.*, 26 Cal.App. 74, 77-78 [147 P. 107].) Also, the record shows that at the close of plaintiff's case this appellant, in asking for judgment for defendant, stated, in support of that request, that the complaint set up but one cause of action—one based upon the theory of *respondeat superior;* that plaintiff had failed to prove agency and therefore could not recover. The motion was denied, the court pointing out that the complaint not only pleaded agency but alleged that the boy was driving the car with the consent of the owner; and that though agency was not proven, the evidence did show a violation of section 402 of the Vehicle Code.

In support of his second point appellant asserts that a party cannot set up one cause of action and prove another; that there was a fatal failure of proof when agency was not proven; that a cause of action based upon *respondeat superior* is an entirely different and foreign cause of action from that based upon section 402 of the Vehicle Code; and that, though the complaint alleged that William McLaughlin was driving the car with the permission and consent of defendant R. E. McLaughlin, it should be construed only as an allegation that it was so driven by the son as the agent of his father.

We find no merit in appellant's contentions. It is not contended on this appeal that the evidence fails to show that the son, a boy aged about 14 years and having no driver's license, was driving his father's car with the latter's consent. It is not contended that the court's finding that the collision was caused by the boy's negligence is not supported by the evidence. Proof of those facts made a case for plaintiff within the allegations of the complaint, and a failure to prove, in addition, that the boy was acting as his father's agent is immaterial. Appellant does not contend that had the allegation regarding agency been omitted from the complaint, it would have been insufficient; therefore, such allegation may be regarded as surplusage. It is not essential to the statement of a cause of action.

*Coleman* v. *City of Oakland*, 110 Cal.App. 715 [295 P. 59], is applicable. There plaintiff sought to recover for injuries alleged to have been caused by a motor truck owned

and operated by defendant city. Paragraph IV of the complaint contained an allegation that the collision was caused by a dangerous and defective condition of the motor truck, and that defendant had knowledge of such defective and dangerous condition but had neglected to remedy it. A demurrer to the complaint was sustained on the ground that two causes of action were pleaded and not separately stated —one based upon the statute of 1923, and the other upon common-law liability. The appellate court reversed the judgment of the trial court, saying, at page 721: ''In drawing his complaint the pleader has followed the requirement of Code of Civil Procedure, section 426, subdivision 2, and set out 'a statement of the facts constituting the cause of action, in ordinary and concise language.' The accident was single, and the recovery sought is single. If the facts may entitle plaintiff to recover on two theories that does not render his pleading duplicitous (*Mills* v. *Barney*, 22 Cal. 240). It has been too often held to be open to doubt that in this jurisdiction common-law and statutory negligence need not be pleaded in separate counts (*Opitz* v. *Schenck*, 178 Cal. 636 [174 P. 40]; *Martin* v. *Shea*, 182 Cal. 130 [187 P. 23]; *Scharpf* v. *Union Oil Co.*, 19 Cal.App. 100 [124 P. 864]).''

In *Mills* v. *Barney*, 22 Cal. 240, 247-248, above cited, the court also said that a complaint which states the facts of the case in ordinary and concise language is not demurrable because such statement shows that the plaintiff is entitled to recover on two different legal grounds. Also see *King* v. *Schumacher, supra*, at pages 179-180.

■ If, as appellant contends, plaintiff pleaded two causes of action, the principle that proof of either will sustain the judgment is applicable. (21 Cal.Jur. p. 256, § 179; *Moore* v. *San Vicente Lumber Co.*, 175 Cal. 212, 215 [165 P. 687].) Furthermore, under the provisions of article VI, section 4½, of the Constitution, no judgment shall be set aside for any matter of pleading, unless, after an examination of the entire cause, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

Section 475 of the Code of Civil Procedure also provides that a court must, at every stage of an action, disregard any defect in a pleading which, in the opinion of the court, does not affect the substantial rights of the parties; and that there is no presumption that error is prejudicial, or that there

was injury if error was shown. And section 469 of the Code of Civil Procedure provides that no variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. ▮ We are unable to see that defendant was prejudiced by the manner in which plaintiff pleaded his case, or by his failure to prove agency. If plaintiff proved enough to entitle him to recover, defendant was not injured by plaintiff's failure to prove more. Therefore, in view of the foregoing constitutional and statutory mandates the judgment must be, and it is hereby affirmed.

Peek, J., and Thompson, J., concurred.