(102 N. W. 169.)

---

ROBERT A. FOX v. A. E. WALLEY, HERBRAND LEE, OSCAR WAGAR, JAMES LOCKHEAD AND GEORGE FREEMAN, COMPRISING THE BOARD OF COUNTY COMMISSIONERS OF McHENRY COUNTY, NORTH DAKOTA; A. H. JONES, THE COUNTY OF McHENRY IN THE STATE OF NORTH DAKOTA, A CORPORATION; THE FIRST NATIONAL BANK OF MINOT, NORTH DAKOTA, A CORPORATION; E. D. KELLEY, JOHN A. ELY, WILLIAM HOPE, J. H. SCOFIELD, JOHN McJANNETT, JOHN LYNCH, ALLEN THOMPKINS, E. H. SYKES, JOHN EHR, WILLIAM E. MANSFIELD, C. H. PARKER, A. P. SCOFIELD, OLAF A. OLSON, JAMES JOHNSON, H. F. VANWAGGENER AND S. L. PAGE, DEFENDANTS, AND A. H. JONES, APPELLANT.

Opinion filed January 3, 1905.

**Resident Freeholder and Taxpayer May Restrain County Commissioners from Making Unlawful Expenditures.**

1. The plaintiff who is a resident freeholder and taxpayer of McHenry county, N. D., is a proper party to bring and maintain this

action to restrain the board of county commissioners and one A. H. Jones, a nonresident, from proceeding further in the performance of a contract whereby the said board employed said Jones to collect a final judgment in favor of said county.

### Where Contract is Ultra Vires, Laches in Bringing Action no Defense.

2. Whether the plaintiff was or was not guilty of negligence and unnecessary delay in instituting this action, he may nevertheless maintain the same, because the contract made by and between the board of county commissioners and the defendant Jones was ultra vires and void.

### Powers of County Commissioners.

3. A contract made by the board of county commissioners of McHenry county with A. H. Jones, whereby he was employed to collect a judgment for $6,565, belonging to said county, from which no appeal had been taken, and the time for an appeal had expired, which contract contemplated the bringing of supplementary proceedings and divers actions against the judgment debtors and others, is not within the powers of such board, but, on the contrary, is exclusively within the control and jurisdiction of the district court.

Appeal from District Court, McHenry county, *Palda, Jr., J.*

Action by Robert A. Fox against A. H. Jones and others. Judgment for plaintiff. Defendant Jones appeals.

Affirmed.

*G. A. Bangs* and *Guy C. H. Corliss,* for appellant.

A county like an individual may compromise a claim, and can sell a doubtful claim or judgment at a discount, and contract with a third party to endeavor to collect it and bind him to pay the county a fixed sum from amounts first realized. State v. Davis, 75 N. W. 897; Collins v. Welch, 12 N. W. 121, 43 Am. Rep. 111; Agnew v. Brall, 16 N. E. 230; Town of Petersburgh v. Mappin, 14 Ill. 193, 56 Am. Dec. 501; Supervisors v. Birdsall, 4 Wend. 454; Ry. Co. v. Anthony, 73 Mo. 431; Board v. Bowen, 4 Lansing 31; Washburn County v. Thompson, 75 N. W. 309; Beach Pub. Corp., sections 638, 639, 640 and 641; 1 Dill. Mun. Corp., section 477; Grimes v. Hamilton County, 37 Ia. 290; Prout v. Pittsburg Fire Dist., 28 N. E. 679; State v. Martin, 43 N. W. 244.

County commissioners, acting in good faith, may adjust a controversy. Town of Petersburgh v. Mappin, 14 Ill. 193, 56 Am. Dec. 501.

Plaintiff is estopped from maintaining his action. He remained silent until defendant Jones had expended large sums and incurred

liabilities in good faith under the agreement and paved the way for collecting the judgment, then instituted this suit. Harkness v. Med. River, 6 Ohio St. 137; Collins v. City, 12 Green. 293; Chamberlain v. Town, 14 Atl. 865; City v. Alexandria, 12 Pet. 93; Ellis v. Karl, 7 Neb. 381; Bigelow v. Los Angeles, 24 Pac. 778; Osborn v. Ry. Co., 37 Fed. 830, 98 Ill. 415; Atty. General v. Ry. Co., 9 Green. 49.

*P. J. McClory* and *McClory, Barnett & Adamson,* for respondent.

There is a difference between suits pending and those that have resulted in a judgment for the county, and in which litigation is ended. And where the judgment debtor is solvent they cannot compromise. State v. Davis, 75 N. W. 897; Town of Butternut v. O'Malley et al., 7 N. W. 246.

The doctrine that the governing body of a corporation cannot discharge a debt without its payment, does not apply to debts of doubtful validity before final judgment, or against insolvent parties after judgment. Washburn County v. Thompson, 75 N. W. 309.

In the case at bar the judgment was final, and there was no showing of debtors' insolvency and they were presumed to be solvent. The power to dispose of the property of a county as was done in this case is a doubful one; in such case the doubt is resolved against the corporations and the power denied. 1 Dill. Mun. Corp. 55; Hanger v. City of Des Moines, 2 N. W. 1105; Minturn v. La Rue, 23 Howard, 435; 16 L. Ed. 574; Van Antwerp v. Dell Rapids. Twp., 53 N. W. 82; 7 Am. & Eng. Enc. Law (2d Ed.) 926.

Contracts of such corporations in execess of expressed and implied powers are void. Story v. Murphy, 9 N. D. 115, 81 N. W. 23; Platte County v. Gerrard, 11 N. W. 298.

Powers conferred upon a municipal corporation involving exercise of judgment and discretion cannot be delegated. It cannot contract for the collection of debts, bringing of suits, leaving such matters to the judgment of others. Scollay v. County of Butte, 7 Pac. 661; Cooley on Const. Lim. 504; 27 Am. & Eng. Enc. Law, 143 (1st Ed.)

GLASPELL, District Judge. This cause was tried in the court below upon stipulated facts, which may be summarized as follows: The plaintiff is a resident freeholder and taxpayer of McHenry county, and, as such, brings this suit to restrain further proceedings under

a contract made by the county commissioners of said county with defendant A. H. Jones, whereby he is authorized to collect a certain judgment for $6,565, with interest from January 3, 1899, in favor of said county, and against the First National Bank of Minot and sixteen others, as sureties upon a bond given to enable the bank to be a county depositary. These judgment debtors and the county commissioners and A. H. Jones are made defendants in this action. The judgment mentioned was dated January 3, 1899, and was docketed March 6, 1899. On the 8th day of January, 1901, after time for appeal had expired and the judgment had become final, the county commissioners, in response to an offer made by Jones, gave him authority, by resolution and by written power of attorney, to collect said judgment, upon condition that he should turn over to the county the first $1,000 collected, and save the county harmless from all costs and expenses of every kind and nature. All moneys collected, over $1,000, should be compensation for Jones. A power of attorney was also given Jones by authority of said resolution, and which provided, among its terms, that he was "appointed * * * a true and lawful attorney * * * to collect, settle and compromise and satisfy of record, partially or in whole, a certain judgment" (the one mentioned). He was further granted "full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in the premises." Prior to the rendition of the judgment mentioned, some of the defendants therein had transferred some of their property to divers and sundry persons. No execution was issued upon the judgment, or any attempt made for its collection by McHenry county or any of its officers, except as Jones made such attempt on and after January 9, 1901, by issuing execution, and by bringing suits against several defendants and others, to secure its collection, in the name of McHenry county. Jones has expended the sum of $500 for counsel fees and other expenses. At all times herein mentioned, McHenry county had a duly elected, qualified, and acting state's attorney. No order has been made by the district court appointing Jones as attorney for the county, and his sole authority was the resolution and power of attorney of the board of county commissioners. This action was begun on or about March 11, 1901, and a temporary injunction issued, restraining the defendants from proceeding further under the Jones contract, and which order was made perpetual in the decree rendered November 10, 1903.

Upon the facts thus stipulated and found by the trial court, the appellant contends, first, that the plaintiff is estopped from maintaining this action because of full knowledge that the contract had been made, and that Jones was proceeding in good faith to carry out his part of it. "Plaintiff remained silent until Jones had expended a large amount of money and incurred large liability in his efforts, in good faith, to carry out the agreement, and had also paved the way by legal proceedings to bring about the collection of at least a portion of the judgment, and then, after this delay, instituted this suit." Inasmuch as the plaintiff on March 11, 1901, brought this suit, and only two months and three days later than the contract with Jones; and the evidence failing to show any notice or knowledge on the part of Mr. Fox, prior to bringing this suit, of the transaction with Jones, it does not seem reasonable to assume that he has waived his right as a citizen to bring this action. If the agreement with Jones was illegal and void, as we shall hold, then it cannot be ratified by any taxpayer nor by the county commissioners. Ratification presupposes the power in the board to make the original contract, and, that body having no such power, there is no question here of ratification. Capital Bank of St. Paul v. School District No. 53, 1 N. D. 479, 48 N. W. 363; State v. Getchell, 3 N. D. 243, 55 N. W. 585; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; Roberts v. City of Fargo, 10 N. D. 230, 86 N. W. 726.

The gist of this appeal is the question of the power of the county board to employ Jones to collect a judgment belonging to the county. The board possessed the powers conferred by statute, and no more. Rev. Codes 1899, sections 1905, 1906, 1907, grant the following powers, among others, to boards of county commissioners: "It shall have power to institute and prosecute civil actions in the name of the county for and on behalf of the county. It shall also have power to make all orders respecting property of the county," etc. "It shall superintend the fiscal affairs of the county and secure their management in the best manner." Section 1979, Rev. Codes 1899, provides, among other matters, that the state's attorney shall defend all suits brought against his county, and prosecute all actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or his county. From these statutes, and from the nature of the labor to be performed, the inference is plain that it is one of the duties of the state's attorney to collect a judgment rendered in favor of his county, if such end

may be accomplished. This service was work for a lawyer, and McHenry county had such officer, whose compensation was already provided in his salary.

Counsel for Jones cites a number of cases in support of the contract of employment—among them the following: State v. Davis, (S. D.) 75 N. W. 897, 74 Am. St. Rep. 780, which holds that a suit pending may be settled pending appeal by a board of county commissioners by a compromise upon a disputed claim; and this is qualified by the words of the opinion, which states: "Of course, where the debtor is solvent, the board cannot, without fraud, thus discharge an obligation concerning the validity of which there is no question; but where, as in this case, the claim is in doubtful litigation, and a compromise made by the board is fully sustained by the court before whom all proceedings were had, we would most reluctantly disturb such action on appeal." In Collins v. Welch, 58 Iowa, 72, 12 N. W. 121, 43 Am. Rep. 111, the power was conceded to the board to compromise and settle a judgment, but because the debtor was insolvent. Other cases cited are on the same line, except that the claim or demand was disputed and of doubtful character. In each the settlement was made between the original parties, and not, as claimed here, with an outsider. The power conceded in these cases was one of judgment and discretion, and properly allowed to boards having charge of the fiscal affairs of municipal corporations. The present question is not a matter of compromise or settlement with the judgment debtors. Neither is it shown that the judgment debtors are insolvent. It has not been made to appear that the judgment is uncollectible, or that any reason exists to replace the state's attorney with another person, whose profession or business is undisclosed by the record, and whose charges for services are so extravagant as to seem to be opposed to public policy.

Under the statute laws of this state, there is a remedy for such a situation as exists when a state's attorney neglects his duties, or when the matter is one of importance. Section 1988 of the Revised Codes of 1899 provides as follows: "The judge of the district court may in his discretion appoint special counsel to assist the state's attorney in important cases." Under the facts stated in the findings, and reasserted in appellant's brief, viz., that several actions were necessary to enforce and collect the judgment in issue, it seems that an appointment by the district judge under this statute could be properly made. It was therefore unnecessary for the com-

missioners to strain their powers to secure counsel to undertake the collection of the judgment. It seems that the power to secure additional legal services in important cases rests with the district court, and not with the county commissioners. Such was the ruling of the court in Storey v. Murphy, 9 N. D. 115, 81 N. W. 23, wherein it is held that the employment by the board of county commissioners of special counsel to assist the state's attorney in the enforcement and collection of a large amount of disputed taxes, and in defense of certain suits brought by the Northern Pacific Railway Company in the same controversy, was a contract ultra vires and void. This court held that under such circumstances the district judge, under section 1988, supra, was vested with a discretion which was exclusive as to the appointment of special counsel to assist the state's attorney. The defendant Jones alleges in his answer, and repeats in his brief, that his contract contemplates that he should bring supplementary proceedings, and bring suits for and in behalf of the county to reach property concealed by some of the judgment debtors. His admissions establish that the district judge possessed the exclusive power to appoint him for such service, and it is not contended that any such appointment was made. The transaction here was not in any sense or degree a sale of property. It was not a settlement or compromise, and was not made with the judgment debtors. It was nothing more than the employment of a person to collect a final judgment for money, and the work to be done was part of the duties of the state's attorney, or such attorney as the district judge might appoint.

The judgment of the lower court is affirmed.

MORGAN, C. J., and YOUNG, J., concur. COCHRANE, J., having been of counsel, by request S. L. GLASPELL, Judge of the Fifth Judicial District, sat in his stead.