THE COUNTY OF STARK IN THE STATE OF NORTH DAKOTA, a Municipal Corporation, v. ADAM F. MISCHEL, Dominick Wetzstein, Thomas Bran, Adam Forster, Jos. Kilzer, Delbert Hughes, National Surety Co. of New York, a Corporation, Frank A. Roquette, T. F. Murtha, Peter F. Berringer, and J. P. Berringer.

(156 N. W. 931.)

**Action by county — county commissioners — state's attorney — complaint — cause of action — bonds of officials — principals — sureties.**

1. Action by Stark county to recover $4,794 of county commissioners and former state's attorney Murtha and bondsmen of said officials, for paying that amount to said state's attorney, who received it for obtaining and collecting a judgment for $9,589 against a former defaulting county auditor and his surety. *Held:* The complaint states a cause of action against the former officials as principals and against their sureties.

**Principals and sureties — public money — officials — diversion of public money — indemnity contract.**

2. Principals and sureties may be joined in one action, as the liability of each and all sprung from the joint acts of the principals and against whose wrongful diversion of public money the sureties have contracted to indemnify.

**Liability — officials — sureties — public funds.**

3. The liability of all arose from the one transaction,—alleged misappropriation of public funds.

**Action — ex contractu — ex delicto — causes — may be joined.**

4. Causes of action *ex contractu* and *ex delicto* may be joined under such circumstances.

**Complaint — demurrer — causes of action — failure to state separately — remedy.**

5. A demurrer to a complaint does not reach a failure to separately state causes of action.

Opinion filed February 16, 1916. Rehearing denied March 18, 1916.

From an order of the District Court of Stark County, *Crawford,* J., overruling demurrer, defendants appeal.

Affirmed.

*Engerud, Holt, & Frame* and *Lawrence & Murphy,* for appellant.

The complaint states various separate causes of action, some in tort, some upon contract, and others seeking equitable relief, and against different defendants, not of the same class, the causes of action not common to all, and the liability of defendants, if any, being separate and distinct. Such a complaint cannot stand the ordinary test of pleadings. Mares v. Wormington, 8 N. D. 333, 79 N. W. 441; Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 750; Keep v. Kaufman, 56 N. Y. 332; 1 Enc. Pl. & Pr. 186; Wiles v. Suydam, 64 N. Y. 177; New York & N. H. R. Co. v. Schuyler, 17 N. Y. 604; Young v. Young, 81 N. C. 95; Adams v. Bissell, 28 Barb. 386; Anderson v. Hill, 53 Barb. 245; Teall v. Syracuse, 32 Hun, 332; Hodges v. Wilmington & W. R. Co. 105 N. C. 170, 10 S. E. 917; Brown v. Rice, 51 Cal. 489; Bailey v. Dale, 71 Cal. 34, 11 Pac. 804; Feder v. Field, 117 Ind. 386, 20 N. E. 129; Cosgrove v. Fisk, 90 Cal. 75, 27 Pac. 56; Sutherland, Code Pl. p. 128; Davis v. Novotney, 15 S. D. 118, 87 N. W. 582; Fraley v. Bentley, 1 Dak. 25, 46 N. W. 506; Story, Eq. Pl. § 2795; Daniel, Chancery Pl. & Pr. 395; Winslow v. Jenness, 64 Mich. 84, 30 N. W. 908; Bowman v. Purtell, 15 Jones & S. 403; Thompson v. St. Nicholas Nat. Bank, 61 How. Pr. 163; Loup v. California Southern R. Co. 63 Cal. 99; Barham v. Hostetter, 67 Cal. 272, 7 Pac. 689; Alger v. Scoville, 1 Code Rep. N. S. 303, 6 How. Pr. 131; Warth v. Radde, 18 Abb. Pr. 396, 20 How. Pr. 230; Butt v. Cameron, 53 Barb. 642; Smith v. Geortner, 40 How. Pr. 185;

33 N. D.—28.

Newcombe v. Chicago & N. W. R. Co. 55 Hun, 607, 8 N. Y. Supp. 366; Jasper v. Hazen, 2 N. D. 404, 51 N. W. 583.

A claim arising out of an alleged tort cannot be joined in the same action with a claim for money had and received; causes *ex delicto* cannot be joined with causes *ex contractu.* Teem v. Ellijay, 89 Ga. 154, 15 S. E. 33; Croghan v. New York Underwriters' Agency, 53 Ga. 112; Hart v. Metropolitan Elev. R. Co. 15 Daly, 391, 7 N. Y. Supp. 753; French v. Salter, 17 Hun, 546; Rizer v. Davis County, 48 Kan. 389, 29 Pac. 595; Hoye v. Raymond, 25 Kan. 665; Chiradella v. Bourland, 32 Cal. 588; Loup v. California Southern R. Co. 63 Cal. 99; Sheldon v. The Uncle Sam, 18 Cal. 527, 79 Am. Dec. 193; Sacramento v. Dunlap, 14 Cal. 421; Barnes v. Metropolitan Street R. Co. 119 Mo. App. 303, 95 S. W. 971; Code Civ. Proc. § 484, subdiv. 9; McClure v. Wilson, 13 App. Div. 274, 43 N. Y. Supp. 209.

Even if such causes could be united, still the complaint is open to the criticism that they are not separately stated, as required by our Code. Rev. Codes 1905, § 6877, Comp. Laws 1913, § 7466; Niven v. Peoples, 23 N. D. 207, 136 N. W. 73.

Causes of action joined in a complaint must affect all parties alike. 1 Enc. Pl. & Pr. 209; Gray v. Rothschild, 112 N. Y. 668, 19 N. E. 847; Foreman v. Boyle, 88 Cal. 290, 26 Pac. 94; Barham v. Hostetter, 67 Cal. 274, 7 Pac. 689; Winslow v. Jenness, 64 Mich. 84, 30 N. W. 905; First Nat. Bank v. D. S. B. Johnson Land Mortg. Co. 17 S. D. 522, 97 N. W. 748; Hall v. Susskind, 109 Cal. 209, 41 Pac. 1012; McCarty v. Fremont, 23 Cal. 197; Niven v. Peoples, 23 N. D. 207, 136 N. W. 73; Simmons v. Fairchild, 42 Barb. 404; Victory, Webb, etc. Mfg. Co. v. Beecher, 55 How. Pr. 193; Sleeper v. Baker, 22 N. D. 391, 39 L.R.A.(N.S.) 864, 134 N. W. 716, Ann. Cas. 1915B, 1189.

*H. A. Burgeson, L. A. Simpson, W. F. Burnett,* and *Thos. H. Pugh,* for respondents.

The county officials have no authority to compromise a claim the county has against a solvent debtor, or to employ the state's attorney to perform, for extra remuneration, duties already incumbent upon him as such officer, and for which he is paid a salary. Fox v. Walley, 13 N. D. 611, 102 N. W. 161; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; Pierson v. Minnehaha County, 28 S. D. 534, 38 L.R.A. (N.S.) 261, 134 N. W. 212; Wilson v. Otoe County, 71 Neb. 435,

98 N. W. 1050; Platte County v. Gerrard, 12 Neb. 244, 11 N. W. 298; Logan County v. Jones, 4 Okla. 341, 51 Pac. 565; Brome v. Cuming County, 31 Neb. 362, 47 N. W. 1050; State v. Stockwell, 23 N. D. 70, 134 N. W. 767; State ex rel. Braatelien v. Drakeley, 26 N. D. 87, 143 N. W. 768; Comp. Laws 1913, § 3376, subdivs. 3, 9–13, § 3492.

Where a number of defendants are joined, and where the damages sought grow out of one wrong common to all, the mere fact that the degree of liability of one defendant may be different from that attaching to another makes no difference and affords no legal ground for objection. 23 Cyc. 432; Schilling v. Black, 49 Kan. 552, 31 Pac. 143; State ex rel. Cook v. Smith, 119 N. C. 350, 25 S. E. 958; Cummings v. American Gear & Spring Co. 87 Hun, 598, 34 N. Y. Supp. 541; Fish v. Chase, 114 Minn. 460, 131 N. W. 631; State use of Clendenin v. Schneider, 35 Mo. 533; Holeran v. School Dist. 10 Neb. 406, 6 N. W. 472; Greenberg v. Whitcomb Lumber Co. 90 Wis. 225, 28 L.R.A. 439, 48 Am. St. Rep. 911, 63 N. W. 93; Council Bluffs Sav. Bank v. Griswold, 50 Neb. 753, 70 N. W. 376; Champlin Bros. v. Sperling, 84 Neb. 633, 121 N. W. 976; Richard v. Detroit, R. R. & L. O. R. Co. 129 Mich. 458, 89 N. W. 52; 23 Cyc. 424; Bliss, Code Pl. § 118; Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448; Comp. Laws 1913, § 7407.

The pleading will be liberally construed, and if it presents facts sufficient for a recovery, allegations of fact sufficient to reasonably apprise the defendants of the nature of the claim against them, it will be upheld as against demurrer. First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999; Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 97, 128 N. W. 690; Randall v. Johnstone, 20 N. D. 493, 126 N. W. 687; Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; Klemik v. Henricksen Jewelry Co. 122 Minn. 380, 142 N. W. 871; Vukelis v. Virginia Lumber Co. 107 Minn. 68, 119 N. W. 509; Bieri v. Fonger, 139 Wis. 150, 120 N. W. 862; Nugent v. Teachout, 67 Mich. 571, 35 N. W. 254; Casey v. American Bridge Co. 95 Minn. 11, 103 N. W. 623; Danielson v. Garage Equipment Mfg. Co. 151 Wis. 492, 139 N. W. 443; Purcell v. St. Paul F. & M. Ins. Co. 5 N. D. 100, 64 N. W. 943.

The demurrer is joint, and as such it must be overruled, if the com-

plaint states a cause of action against any of the defendants. Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245; State v. Brooks-Scanlon Lumber Co. 128 Minn. 300, 150 N. W. 912; Rochford v. School Dist. 17 S. D. 542, 97 N. W. 747; Evans v. Fall River County, 9 S. D. 130, 68 N. W. 195; Millerke v. Reiley, 31 S. D. 342, 141 N. W. 136; Burk v. Muskegon Mach. & Foundry Co. 98 Mich. 614, 57 N. W. 804; Clark v. Lovering, 37 Minn. 120, 33 N. W. 776; Mark Paine Lumber Co. v. Douglas County Improv. Co. 94 Wis. 322, 68 N. W. 1013; Boyd v. Mutual Fire Asso. 116 Wis. 155, 61 L.R.A. 918, 98 Am. St. Rep. 948, 90 N. W. 1086, 94 N. W. 171; St. Croix Timber Co. v. Joseph, 142 Wis. 55, 124 N. W. 1049; Coffee v. Dorwart, 31 S. D. 102, 139 N. W. 776.

Goss, J. This is an action brought against the former county commissioners and state's attorney of Stark county and their bondsmen. A demurrer for misjoinder of defendants and causes of action was overruled, and from which this appeal is taken. The complaint sets forth the official capacity of the defendants, their qualification as such officials, and that certain defendants are sureties on the official bonds of said other defendants. That there existed in favor of the county a cause of action against one White, formerly county auditor, and the Northern Trust Company as surety on White's bond, and upon which cause of action suit had been brought and "in which said action judgment was then about to be entered in favor of the plaintiff and against said White and Northern Trust Company for $9,239.13, all of which said defendant officials (county commissioners and state's attorney) then and there well knew." "That on the 18th day of February, 1913, the defendant commissioners in violation of their several duties and trusts as public officers of the plaintiff unlawfully engaged defendant Murtha (state's attorney) to collect said claim, and for his commission and services in that behalf unlawfully agreed to pay him one half of all such moneys so collected," and "acting as the board of county commissioners of Stark county adopted a resolution embodying the terms of said unlawful agreement therein;" "that it was then and there the duty of said defendant Murtha, as the state's attorney of the plaintiff, to perform the work aforesaid without receiving therefor any additional compensation, all of which said defendants

then and there well knew." That the next day "February 19, 1913, upon trial of the action so instituted by the plaintiff herein as plaintiff against the said White and Northern Trust Company as defendants, the plaintiff recovered judgment against the said White and Northern Trust Company as defendants in the sum of $9,239.13, which judgment was duly entered and docketed." That the Northern Trust Company paid plaintiff $9,589.42, in satisfaction of said judgment. That before said payment and on September 8, 1913, "in furtherance of the alleged pretended agreement hereinbefore set forth, and without any other or further consideration, and in violation of their duty and trust as officials of the plaintiff, the defendant county commissioners, then acting as and being the board of county commissioners of Stark county, ordered and directed that a warrant upon the county treasurer of said county for the sum of $4,794.71 be made in favor of defendant Murtha by the chairman of said board, and by the auditor of said county delivered to defendant Murtha. That thereupon a pretended warrant for said sum was accordingly drawn, executed, and delivered to said Murtha." That "on September 9, 1913, said warrant was by said Murtha presented to said county treasurer of plaintiff, indorsed by said defendant on the back thereof, and the said county treasurer refused payment thereof for want of funds, and indorsed the fact thereon; and on September 11, 1913, the said warrant was paid by said county treasurer of plaintiff; and the sum named therein, $4,794.71 of the money of the plaintiff, was paid by said county treasurer to the said defendant; that the defendants have not repaid the same nor any part thereof to plaintiff." Seventeen different paragraphs of the complaint are taken up in charging the foregoing matters. A cause of action against such officials is under Fox v. Walley, 13 N. D. 610, 102 N. W. 161, beyond question set forth in the foregoing allegations. The commissioners were devoid of power individually or as a board to legally make or bind the county by such a purported contract, and the state's attorney illegally obtained the money of the county. All said officials were jointly and severally responsible for the money so misappropriated. The complaint then alleges in the closing paragraph: "That by reason of the foregoing allegations said several bonds herein set forth, copies of which are hereto attached and marked exhibits 'A,' 'B,' and 'C,' have been and are breached

in the conditions thereof, and there is due and owing to the plaintiff the sum of $4,794.71," and judgment is asked against the defendants for said amount, with interest. The complaint also contains a recitation that, upon proceedings had, the judge of the district court for Stark county appointed the attorneys appearing as respondent's counsel attorneys to prosecute this action. The bonds referred to are those of defendant Mischel, with defendants Wetzstein, Braun, Forster, and Kilzer as sureties, and that of commissioner Hughes with the National Surety Company as surety, and the bond of state's attorney Murtha with B. F. and J. P. Berringer, as sureties thereon. Attached to the complaint and made a part of it is the following resolution of the board of February 18, 1913: "Resolved, that T. F. Murtha, an attorney at law of Dickinson, North Dakota, be retained to attend to the defense of this county in the three cases now pending in the United States district court for the district of North Dakota, and he is to save this county harmless from all expense on account of said litigation, and is to receive for said services and such disbursements a sum equal to one half of the sum recovered actually paid into the county treasury of this county from the Northern Trust Company on the bonds of former auditor White. If there is no recovery on said bonds, said attorney is to receive no compensation either for services or disbursements." The official bonds are in the usual form and amounts, and the sureties therein have been joined with principals as defendants.

While many matters are briefed, counsel on argument of the appeal stated that he abandoned all questions raised by the demurrer, except that of improper joinder of causes of action. At the outset it should be observed that while the liabilities of the several defendants differ, and those of the sureties are upon contract insuring against breach of official duty of their principals, yet all relate to a breach of statutory duty prescribed and exacted by law, and that any and all liabilities of any of said defendants to the plaintiff accrue because of, and were occasioned by, the joint wrongful misappropriation by the principals acting as officials of county money. As to the principals in the transaction, there can be no question of the right to join them in one action as defendants, any more than the right to join co-conspirators in an action to recover damages resulting from a conspiracy. To this point there is practical unanimity of authority. "The act of each tort

feasor is the act of all, and each one is held for the acts of all." Phillips, Code Pl. § 455. "Where several acts are done in pursuance of a single fraudulent scheme, all persons may be joined who in any manner have participated in such scheme or received anything through it." 23 Cyc. 431. "The common-law causes of action which are of the same nature and require the same judgment may ordinarily be united in the same action." 1 R. C. L. 362. To this point the right of joinder of these four defendants in one action is elementary. Nor is it really seriously questioned in appellant's brief.

But can the sureties be joined in this action against the principals is the main question. True it is the joinder of causes of action *ex contractu* and *ex delicto,* actions arising from contract with one sounding in tort. While often the line of demarcation may be drawn between joinder of such actions, such general rule can have no application here, because the right of recovery springs from the same transaction, the joint act of the principals for whom the other codefendants are sureties against such very misconduct. "By virtue of statute in many, if not all, of the so-called code states, there may be a joinder in one complaint of two or more causes of action where they arise out of the same transaction. The word 'transaction' as used in such statutes meaning something which has taken place whereby a cause of action has arisen and embracing not only contractual relations, but occurrences in the nature of tort as well. It is no objection to the joinder of causes of action that they concern separate primary rights; for however numerous may be minor transactions each constituting a primary right enforceable by the proper remedy, so long as they all reach back to the point of union as the parent cause thereof they all arise out of one 'transaction' and may be vindicated together, regardless of the form of remedy requisite as to each, provided they affect all the parties and do not require different places of trial. Causes of action arising out of the same transaction which may be joined under the rules above stated include legal and equitable causes; also causes *ex contractu* and *ex delicto.*" 1 R. C. L. 363, under joinder of causes of action, citing, among others, the following cases: Mayberry v. Northern P. R. Co. 100 Minn. 79, 12 L.R.A.(N.S.) 675, 110 N. W. 356, 10 Ann. Cas. 754; Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 23 L.R.A.(N.S.) 573, 99 Pac. 1089; Emerson v. Nash, 124 Wis. 369,

70 L.R.A. 326, 109 Am. St. Rep. 944, 102 N. W. 921; McArthur v. Moffett, 143 Wis. 564, 33 L.R.A.(N.S.) 264, 128 N. W. 445; Craft Refrigerating Mach. Co. v. Quinnipiac Brewing Co. 63 Conn. 551, 25 L.R.A. 856, 29 Atl. 76; Butler v. Barnes, 60 Conn. 170, 12 L.R.A. 273, 21 Atl. 419; Bradley v. Aldrich, 40 N. Y. 504, 100 Am. Dec. 528; Volker-Scowcroft Lumber Co. v. Vance, 36 Utah, 348, 24 L.R.A.(N.S.) 321, 103 Pac. 970, Ann. Cas. 1912A, 124; Solomon v. Bates, 118 N. C. 311, 54 Am. St. Rep. 725, 24 S. E. 478. "Causes of action arising out of the same transaction or transactions connected with the same subject of action as the phrase is used in the Codes may be taken to mean as in substance declaring that when a right or certain connected rights between the same parties are brought into legal controversy, all transactions between the parties bearing on the state of these rights may be included within the scope of the action, although such transactions considered as independent transactions would in their nature call for different forms of legal procedure for the purpose of investigation, according to the practice that prevailed prior to the adoption of the Code. Barrett v. Watts, 13 S. C. 441; Suber v. Allen, 13 S. C. 317," quoting from 23 Cyc. 430. "It has been held in many cases that actions may be brought on distinct indemnity bonds joining different sets of sureties where the bonds relate to the same matters and the rights and liabilities of each set of sureties depend upon those of the others. A cause of action against the officer on a breach of his official bond may be joined with a cause of action against the sureties thereon for the same breach." 23 Cyc. 432. "Contrary to the common-law rule, causes arising *ex delicto* may be joined with those arising *ex contractu,* if they have a common origin in one transaction or in transactions connected with the same subject of action." Phillips, Code Pl. § 199. An examination of the authorities will convince that the modern trend is favoring convenience in litigation and toward obviating multiplicity of suits; and that the code provisions as to joinder of causes of action and parties must be construed and applied, where possible, without substantial prejudice to the rights of litigants, in the light of said principles of convenience and finality of decision. 30 Cyc. 1228; Fairfield v. Southport Nat. Bank, 77 Conn. 423, 428, 59 Atl. 513. As to what is meant by the word "transaction" must be determined upon principle in each case. But one trans-

action gave origin to all primary rights involved in the case at bar. The liability of the principals to the county accrued because of their joint acts diverting the money. By that same wrongful diversion, transaction, they breached their official bonds as well, and brought into existence a liability of their sureties to respond for the result of such acts indemnified against. And the conditions of all bonds sued upon are identical in such respect. Every bond is a statutory bond with breach of liability defined by statute, and all are breached by the same wrongful joint transaction. As the liability against all the principals arises from the one series of transactions participated in by all of them, all of them may be joined, and all of the bondsmen may be held to respond with the principals in the same action. And why should it be otherwise? Why should this case proceed to judgment against the principals, and then it be necessary to separately sue the bondsmen when the bondsmen cannot then deny the liability of their principals to the county as against the judgment against the principals receivable in evidence as at least prima facie proof against the sureties, even where the sureties were not parties to the action against the principals in the first instance? Beauchaine v. McKinnon, 55 Minn. 318, 43 Am. St. Rep. 506, 56 N. W. 1065; Barker v. Wheeler, 60 Neb. 470, 83 Am. St. Rep. 541, 83 N. W. 678; Stevens v. Carroll, 131 Iowa, 170, 105 N. W. 653. Cases to the contrary may be found in California and possibly one or two other states. But, by the great weight of authority, the judgment against a public officer as principal upon an official bond is at least prima facie conclusive against his surety, even where the surety was not a party to the original action against the officer. Authorities are evenly divided on whether such a judgment is prima facie conclusive, or conclusive against the surety in the absence of fraud. If it be established, then, that as charged in the complaint that county funds have been misappropriated by the defendant commissioners and state's attorney, the only further question to establish liability against the sureties is proof that they are sureties upon the official bond of such defaulting officials. On the contrary, should the defendants default in answer or defense to the sureties' prejudice, the latter may defend as parties in interest to prevent a collusive judgment against their principal and directly binding them. Hence there can be no complications to detract from main issues of liability accruing

from the common source, the one transaction which constitutes the breach of both official duty and official bonds.

There is some comment in appellants' brief about causes of action not being separately stated. This ruling is upon a demurrer to the complaint, and a demurrer "does not raise this defect in the complaint," assuming that there is such a defect. That is a matter of substance, not of pleading, which a demurrer because of misjoinder does not raise. Morgan v. State, 9 S. D. 230, 68 N. W. 538. "It is no longer a ground of demurrer under our procedure that the plaintiff has set forth two causes of action in his complaint when his purpose is to recover only a single claim. It is not a case of failure to set forth a cause of action. Instead of that, the complaint states two causes of action. Such a case would not fall within any ground of demurrer." Purcell v. St. Paul F. & M. Ins. Co. 5 N. D. 100–105, 64 N. W. 943.

The order appealed from overruling the demurrer is affirmed, with costs.

BRUCE, J., dissenting. I am unable to concur in the above opinion. I can see every reason for relaxing the rules of pleading where no demurrer has been interposed and the trial has been entered upon or completed. I can see none, whatever, for any such laxity when a demurrer has been seasonably interposed to the complaint.

As I construe the complaint it sets forth an action upon the bonds, and upon the bonds alone, and is not an action in tort against the county commissioners and the state's attorney coupled with an action in contract against the bondsmen. This matter, however, is immaterial to my dissent, as if the complaint states an action in tort coupled with an action in contract, as contended by the majority opinion, it is even more vulnerable to a demurrer than if an action upon the bonds alone. Ghiradella v. Bourland, 32 Cal. 585; Teem v. Ellijay, 89 Ga. 154, 15 S. E. 33; Hoye v. Raymond, 25 Kan. 665; Rizer v. Davis County, 48 Kan. 389, 29 Pac. 595.

I do not question for a moment that in a suit on a bond the principal may be joined with his sureties, nor the fact that a public official who gives separate and distinct bonds for the faithful performance of the same act may be sued on both bonds, and that in the same action the sureties on both of the bonds may be joined, and this because

all of the sureties have obligated themselves for the faithful performance *of the same act and by the same principal.* The most common example of these cases are those in which a public official has given a bond which is not considered to be sufficient in amount and an added and additional bond has been required. Holeran v. School Dist. 10 Neb. 406, 6 N. W. 472.

When we come to the objection, however, of the joinder of the causes of action against the bondsmen of each individual commissioner and against those of the state's attorney, we come to an entirely different proposition. It may be, as stated in 23 Cyc. 432, that "actions may be brought on distinct indemnity bonds, joining different sets of sureties, where the bonds *relate to the same* [*subject*] matters, and the rights and liabilities of *each set of* sureties depend upon those of the others." See also Gilbert v. Board of Education, 45 Kan. 31, 23 Am. St. Rep. 700, 25 Pac. 226. But we do not have any such a situation in the case which is before us. The bonds do not relate to the same subject-matters. Some are to guarantee the honesty of individual commissioners while in office and the fulfilment of their public duties, and one is to secure the like performance on the part of the state's attorney. No one bond guarantees or secures the honesty or performance of public duty on the part of all of the commissioners, and much less on the part of all of the commissioners and of the state's attorney also. The Code (Comp. Laws 1913, § 7466) expressly provides that causes of action cannot be united (except in actions to enforce mortgages) unless they "affect all the parties to the action," and if tort and contract or otherwise inharmonious causes of action are sought to be joined, unless "they also arise out of the same transaction, or transactions connected with the same subject of action." Will anyone contend that the contract of suretyship by which the defendants Wetzstein, Braun, Forster, and Kilzer undertook to stand good for the proper performance of official duty on the part of the commissioner Mischel, and which was executed on the 4th day of January, 1913, was a part of and connected with the same transaction as that wherein and on the 6th day of January, 1913, the defendants Peter F. and J. P. Berringer undertook to stand good and to be responsible for the proper performance of official duty on the part of the state's attorney? Can there be any pretense that the case at bar comes within the rule

laid down in 23 Cyc. 432, and that "the rights and liabilities of each set of sureties depend upon those of the others?" Suppose, for instance, one of the commissioners had strenuously objected to the payment to the state's attorney, and had voted against it, would anyone contend that his bondsmen could have been liable, or that their nonliability would absolve and release the bondsmen of another commissioner who had voted for and authorized the transaction?

The majority opinion has quoted the rule as laid down in 23 Cyc. 432. If the authors of that work are to be relied upon, there is another citation which is much more in point, and which is the only one applicable to the case at bar. It is to be found in 1 C. J. 1101, and is as follows: "Causes of action upon different official or indemnity bonds may be joined where the principal and sureties upon each bond are the same, and a common surety on different joint and several bonds may be joined in an action against the principal upon all of the bonds; but it is not permissible to join different causes of action against the different sureties or sets of sureties upon different bonds given to secure different duties or obligations, or, generally, where the bonds and the liabilities thereon are separate, distinct, and independent, as in the case of successive official bonds for different terms of office. Under some circumstances, however, causes of action upon different bonds with different sureties may be joined, as where the different bonds relate to the same matter and are similarly conditioned, and the default complained of constitutes a breach of each bond so as to render all of the sureties upon the different bonds liable therefor, as in the case of bonds given as additional security in regard to the same matter as an original bond which still remains in effect. A cause of action against the principal for a breach of the bond may be joined with the cause of action against the sureties thereon for the same breach; but a cause of action against the principal individually, which is not within the amount or conditions of the bond, cannot be joined with the cause of action against the sureties or principal and sureties on the bond."

It may also be that § 7407 of the Compiled Laws of 1913 provides that "persons liable severally for the same debt or demand, although upon different obligations or instruments, may all, or one or more of them, be included in the same action at the option of the plaintiff,"

but here we have no common claim or demand. The claim, in short, against the bondsmen of each of the several commissioners is and can be based upon their specific bonds alone. The bondsmen of the commissioners did not undertake to stand as sureties for the official conduct of the state's attorney, nor did those of the state's attorney agree to stand responsible for the misconduct of the respective commissioners. For these reasons I believe the demurrer should have been sustained. 1 C. J. 1101; 1 Enc. Pl. & Pr. 209; Street v. Tuck, 84 N. C. 605; Pom. Code Rem. 3d ed. § 482; Cook v. Horwitz, 10 Hun, 586, 588; Dunson v. Nacogdoches County, 15 Tex. Civ. App. 9, 37 S. W. 978; 1 Phillips, Code Pl. § 200.

I realize that much liberality has of late been shown in the construction of the Code of Civil Procedure, and so much so that the landmarks which formerly guaranteed an orderly and logical procedure are now almost obliterated. An examination of the authorities, however, will show that this, as far as misjoinder of actions and parties is concerned, has only been generally tolerated in suits in equity where the legally trained chancellor, with plenty of time in which to review the evidence, can, in a measure, be relied upon to distinguish the issues and the rights and liabilities of all of the parties to the proceedings. Our statute, also (Comp. Laws 1913, § 7466), seems to make it clear that such liberality, even in equitable actions, was only contemplated in the case of mortgages; and there is no authority for generally extending the rule, even to suits in equity. The language of the section is: "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action."

· Be this as it may, the excuse for a departure from the established rules of pleading is not only not apparent in jury cases, but it is clear that such departure is fraught with the greatest danger. In the suit at bar there are four principals and the bondsmen on four distinct bonds. The rule applied by the majority opinion will be a precedent, and will apply in cases where there are twenty principals and a hundred bondsmen. Each principal and each bondsman may have a separate and a distinct defense—forgery, mistake of fact, cancelation, undue influence—a hundred different defenses. Yet all of these defenses and all of these issues must be presented to the same jury, which, un-

der the circumstances of the case, must, in a limited period of a few hours and in the confusion and Babel of voices of the jury room, determine and pass upon them all. I do not believe that the legislature ever intended such a practice.

Nor do I believe there is any merit in the suggestion of counsel for the plaintiff and respondent that the demurrer is joint and as such must be overruled if the complaint sets out a cause of action as to any demurrant, and that in the case at bar a cause of action is certainly alleged against some of the defendants. The Code especially provides that a misjoinder of parties which is apparent upon the face of the pleadings may be challenged by demurrer. (Comp. Laws 1913, § 7442.) The misjoinder affected all of the defendants equally, and the joint demurrer was therefore properly interposed.

Much less merit is there in the suggestion that the rule which is laid down in the case of Purcell v. St. Paul F. & M. Ins. Co. 5 N. D. 100, 64 N. W. 943, is here applicable, and which suggestion is to the effect that "special demurrers have been abolished in this state; and it is no longer a ground for demurrer under our procedure that the plaintiff has set forth two causes of action in his complaint, when his purpose is to recover only a single claim." In that case there were two causes of action, but a single defendant and a single claim. Here there are claims under separate and distinct bonds and against separate and distinct defendants. In the Purcell Case, also, the court added to the words quoted by counsel the clause: "It is not a failure to set forth a cause of action. Instead of that, the complaint states two causes of action." It is noticeable, indeed, and controlling that our Code (Comp. Laws 1913, § 7442), while, as to the cause of action, it only authorizes a demurrer when no cause of action whatever is set out, nevertheless specifically authorizes a demurrer in the case of a misjoinder of the parties, and this irrespective of the fact whether a cause of action is alleged against any of them or not.

I am of the opinion that the demurrer should have been sustained.