STEVEN ALLEN v. F. R. CRUDEN, Frank C. Davies, H. Peoples, Peter Prader, and James G. Daily.

(157 N. W. 974.)

Appeal from an order overruling demurrer to complaint and from the judgment thereafter rendered. The grounds of the demurrer taken are (1) improper joinder of causes of action, and (2) insufficiency of facts pleaded to constitute a cause of action. *Held:*

**Demurrer to complaint — order overruling — appeal from.**

1. That the complaint is not vulnerable to demurrer upon either ground.

**Rule of construction — application of.**

2. Stark County v. Mischel, 33 N. D. 432, applied and followed as to the first ground of demurrer.

**Conversion — complaint discloses — defendants — joint act of — action lies against both.**

3. *Held* that the complaint discloses the conversion to have been the joint acts of the defendants, Cruden and Davies, and the action will lie against both jointly.

**Proof — sufficiency of — variance of — with pleading — appearance at trial — default — damages — proof of — on trial — no error raised — cannot be reviewed on appeal.**

4. Appellants are in no position to question the sufficiency of the proof upon the alleged variance between the complaint and the proof, they having defaulted in appearance at the trial of the issue of damages, standing upon their demurrer, and not participating in the trial. They have therefore in

the trial court raised no error of law on the proof of damages, and there is no error of law to review touching the same upon this appeal.

Opinion filed April 29, 1916.

From a judgment of the District Court of Foster County, *Coffey, J.,* defendants appeal.

Affirmed.

*Geo. H. Stillman* and *Edward P. Kelly,* for appellants.

There is a misjoinder of causes of action. Some of the defendants are charged with a cause growing out of a contract, and one defendant with a cause as for a tort. They are not all affected in a like manner, nor are the so-called causes connected. Jasper v. Hazen, 2 N. D. 401, 51 N. W. 583; Swedish American Nat. Bank v. Dickinson Co. 6 N. D. 222, 49 L.R.A. 285, 69 N. W. 455; Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; First Nat. Bank v. D. S. R. Johnson, Land Mortg. Co. 17 S. D. 522, 79 N. W. 748; Henney Buggy Co. v. Higham, 7 N. D. 45, 72 N. W. 911; Niven v. Peoples, 23 N. D. 202, 136 N. W. 73; Howse v. Moody, 14 Fla. 59; Clark v. Holbrook, 146 Mass. 366, 16 N. E. 410; White v. Preston, — Tex. App. —, 15 S. W. 712; Haskell County Bank v. Bank of Sante Fe, 51 Kan. 39, 32 Pac. 624; Hendrix v. Fuller, 7 Kan. 331; Atchison, T. & S. F. R. Co. v. Sumner County, 51 Kan. 617, 33 Pac. 312; Hentig v. Southwestern Mut. Ben. Asso. 45 Kan. 462, 25 Pac. 878; Addicken v. Schrubbe, 45 Iowa, 315; St. Joseph's Orphan Soc. v. Wolpert, 80 Ky. 86; Preston v. Davis, 8 Ark. 167; Jackson v. Bush, 82 Ala. 396, 1 So. 175; Kennedy v. Stallworth, 18 Ala. 263; Johnson v. Kirby, 65 Cal. 482, 4 Pac. 458.

A statement of fact in an exhibit attached to and made a part of a pleading cannot supply a. necessary allegation omitted therefrom. McPherson v. Hattich, 10 Ariz. 104, 85 Pac. 731; Sim v. Hurst, 44 Ind. 579; Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 84 N. W. 756; Sweeney v. Johnson, 23 Idaho, 530, 130 Pac. 997; Malheur County v. Carter, 62 Or. 616, 98 Pac. 489; Sumner v. Griffin, 130 Ky. 323, 113 S. W. 422; Hoopes v. Crane, 56 Fla. 395, 47 So. 992; Standard Lumber Co. v. Colwell, — Ky. —, 117 S. W. 286; Bank of Anderson County v. Foster, 146 Ky. 179, 142 S. W. 225; Panhandle Teleph. & Teleg. Co. v. Amarillo, — Tex. Civ. App. —, 142 S. W. 638; Aldrich v.

Amiss, 178 Ind. 303, 99 N. E. 419; First Nat. Bank v. Dakota F. & M. Ins. Co. 6 S. D. 427, 61 N. W. 439.

Exhibits attached to and made a part of the pleading are to be treated as in aid of or as elucidating the allegations of the pleading; but never to supply a necessary allegation. Burks v. Watson, 48 Tex. 115; Wynne v. State Nat. Bank, 82 Tex. 378, 17 S. W. 918; Milliken v. Callahan County, 69 Tex. 206, 6 S. W. 681; Ward v. Clay, 82 Cal. 502, 23 Pac. 50, 227.

When the exhibit is repugnant to the pleading, the pleader will be held most strongly to the exhibit. Marshall v. Hamilton, 41 Miss. 233; C. Aultman & Co. v. Siglinger, 2 S. D. 442, 50 N. W. 911; Wright v. Sherman, 3 S. D. 292, 17 L.R.A. 792, 52 N. W. 1093; First Nat. Bank v. Dakota F. & M. Ins. Co. 6 S. D. 424, 61 N. W. 439.

Where the pleadings and proof differ upon material matters, matters necessary to plead and prove as the basis of a valid judgment, such variance is fatal. Quarles v. Littlepage, 2 Hen. & M. 401, 3 Am. Dec. 637; Walsh v. Gilmore, 3 Harr. & J. 383, 6 Am. Dec. 502; Bellas v. Hays, 5 Serg. & R. 427, 9 Am. Dec. 385; Curley v. Dean, 4 Conn. 259, 10 Am. Dec. 140; Baldwin v. Munn, 2 Wend. 399, 20 Am. Dec. 627; Fowler v. Austin, 1 How. (Miss.) 156, 26 Am. Dec. 701; Pennsylvania, D. & M. Steam Nav. Co. v. Dandridge, 8 Gill & J. 248, 29 Am. Dec. 543; Didrell v. Miller, 8 Yerg. 476, 29 Am. Dec. 126; Avery v. Lewis, 10 Vt. 332, 33 Am. Dec. 203; Spangler v. Pugh, 21 Ill. 85, 74 Am. Dec. 77; Dougherty v. Matthews, 35 Mo. 520, 88 Am. Dec. 126; Mann v. Birchard, 40 Vt. 326, 94 Am. Dec. 398; St. Louis, A. & T. H. R. Co. v. Linder, 39 Ill. 433, 89 Am. Dec. 319.

*W. O. Lowden* and *S. E. Ellsworth,* for respondents.

Where a party voluntarily suffers judgment to be entered by default, he is in no position to ask relief at the hands of this court on appeal, on the ground that the judgment is not warranted by the complaint. The default could have been opened on motion, and suitable relief obtained in the lower court. Port v. Parfit, 4 Wash. 369, 30 Pac. 328; State ex rel. Shepherd v. Simpson, 69 Or. 93, 137 Pac. 750, 138 Pac. 467.

Where an appeal is sought from a judgment and an order, the undertaking must refer to each of the appeals. If it recites but one, the appeal from the other is not effectual. Sucker State Drill Co. v. Brock, 18 N. D. 598, 120 N. W. 757.

The right of the plaintiff in an action against a public officer for malfeasance in office, to join with him the sureties upon his official bond, is so well settled that it needs no comment. Lee v. Charmley, 20 N. D. 570, 33 L.R.A.(N.S.) 275, 129 N. W. 448; Works v. Byrom, 22 Idaho, 794, 128 Pac. 551; 35 Cyc. 1803; Rice v. Wood, 61 Ark. 442, 31 L.R.A. 609, 33 S. W. 636; Murray v. Evans, 25 Tex. Civ. App. 331, 60 S. W. 786.

"Where an exhibit attached to a complaint, and made a part of the pleading, negatives or contradicts allegations in the complaint founded on it, the exhibit will control. Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588; First Nat. Bank v. Dakota F. & M. Ins. Co. 6 S. D. 424, 61 N. W. 439; Cranmer v. Kohn, 11 S. D. 245, 76 N. W. 937; Carson v. Hastings, 81 Neb. 681, 116 N. W. 673.

But where both construed together fairly apprise the defendants of plaintiff's cause or claim, it is sufficient. Fitch v. Applegate, 24 Wash. 25, 64 Pac. 147; Long v. Shepard, 35 Okla. 489, 130 Pac. 131.

Goss, J. The complaint is for a joint conversion by a sheriff and another defendant. The sheriff's bondsmen on his official bond are also joined as defendants. To the complaint a demurrer was interposed and overruled. The issues of law thus presented are first for consideration.

After describing the property and stating its value on September 19, 1910, and averring its ownership as in one Olson, the complaint alleges, viz.:

## "II.

"That prior to said 19th day of September, A. D. 1910, the defendant Frank C. Davies had been duly elected sheriff in and for the county of Eddy and state of North Dakota, and on the 4th day of January, A. D. 1909, filed his official bond duly approved by the board of county commissioners of said county, with the county auditor of said county, with the defendants H. Peoples, Peter Prader, and James G. Daily, as his sureties thereon. A duly certified copy of which bond is hereto annexed and made a part of this complaint and marked exhibit 'A.' That the said Frank C. Davies then duly qualified as and became sheriff in and for said county, and at the time hereinafter mentioned was acting sheriff in and for said county.

## "III.

"That on or about the 19th day of September, A. D. 1910, the defendant F. R. Cruden and the defendant Frank C. Davies by virtue and under color of his office aforesaid, without the consent of the said Oscar Olson and without leave, license, or authority from him, forcibly and unlawfully seized upon said personal property all and singular, and took the same from the possession of the said Oscar Olson, and have unlawfully converted and appropriated said personal property all and singular in their own use and in derogation of the rights of said Oscar Olson and to his damage in the sum of seven hundred dollars ($700).

## "IV.

"That by reason of said unlawful seizure and conversion of the said above-described personal property by the said defendants F. R. Cruden and Frank C. Davies, the said Oscar Olson has been put to trouble, inconvenience, costs, and expense and has been damaged thereby in the sum of five hundred dollars ($500).

## "V.

"That prior to the commencement of this action the said Oscar Olson duly sold, assigned, and transferred to this plaintiff, Steven Allen, all his rights, title, claim, and interest in and to the said property, or his right to damages therefor and the value thereof, by reason of the unlawful taking, detention, and conversion thereof by the said defendants F. R. Cruden and Frank C. Davies, and which said assignment was for a valuable consideration, and that plaintiff is now the owner and holder of said claim.

## "VI.

"That plaintiff has demanded and caused to be demanded from said defendants F. R. Cruden and Frank C. Davies, the return to him of said property seized and taken by said defendants as aforesaid, but that the said demand has been by the said defendants refused, and the

said personal property all and singular has been at all times since said taking and now is detained and withheld by said defendants and by them converted and appropriated as aforesaid."

The exhibit A referred to "as hereto annexed and made a part of this complaint" is the official bond, in statutory form and amount, of the sheriff, with defendants Peoples, Prader, and Daily as sureties thereon. Attached thereto is the oath of office taken by Davies, as sheriff, together with indorsements showing the filing of said official bond and oath with the county auditor. The grounds of demurrer taken are (1) improper joinder of causes of action, and (2) insufficiency of facts stated to constitute a cause of action.

Beyond controversy the complaint states a cause of action in conversion against the sheriff, Davies. Lee v. Charmley, 20 N. D. 570, 33 L.R.A. (N.S.) 275, 129 N. W. 448; Welter v. Jacobson, 7 N. D. 32, 66 Am. St. Rep. 632, 73 N. W. 65. And stating a cause of action against that official, one is charged against the bondsman if a breach of the official bond is disclosed, and said sureties may be joined with the principal in the same action. Lee v. Charmley, 20 N. D. 570, 30 L.R.A. (N. S.) 275, 129 N. W. 448; Stark County v. Mischel, 33 N. D. 432, 156 N. W. 931. As to the sheriff a cause of action in conversion is alleged. And where the same wrongful acts constituting the conversion are joined in and committed jointly by the official and another or others, all may be joined in one action to recover the damages suffered by the joint act of all, as each is responsible for the act of his joint tort-feasor, and either or all of said joint participants may be sued in one action where the rights to be vindicated all spring from and have origin in said joint act as the one transaction. This is the settled law of this jurisdiction under Stark County v. Mischel, supra. The test, then, is not whether Cruden can be joined with the sheriff where the two acting conjointly wrongfully converted the property of another, but instead is whether the complaint sufficiently states such joint and wrongful conversion by the two acting conjointly. As to this, appellant argues that Davies is alleged to have converted as sheriff, while Cruden appropriated as an individual, and hence they could not jointly convert this property because they were acting in different capacities. The reasons for their wrongful acts, conceding that their acts were wrongful, are immaterial. The owner of the property converted suffers damages be-

cause of the conversion, irrespective of the reasons actuating the con-
verters.   The test is whether the two could act and did act conjointly,.
and so acting did those things sufficient to amount to the conversion of
this property.   Does the complaint, standing admitted in the face of
the demurrer, sufficiently charge such acts and consequences?   The.
natural import of the language is sufficient to charge a joint conversion.
It alleges that "the defendant Cruden and the defendant Davies, by
virtue and under color of his office aforesaid, without the consent of
said Olson and without leave, license, or authority from him, forcibly
and unlawfully seized upon said personal property all and singular and
took the same from the possession of said Olson, and have unlawfully
converted and appropriated said personal property all and singular to
their own use and in-derogation of the rights of said Oscar Olson and
to his damage in the sum of $700." Similar allegations are contained
in every succeeding paragraph of the complaint; as, for instance, in
the 5th paragraph, the "detention and conversion thereof by the said
defendants Cruden and Davies" is charged and a demand for return
is pleaded as having been made upon Cruden and Davies and refused,
and that the property is "withheld by said defendants and by them con-
verted and appropriated as aforesaid." A joint conversion by these two.
defendants is stated as plainly as can be done without the use of the
word "joint" to characterize their acts; and the use of that word would
in nowise change the meaning or strengthen the pleading where the two,
as here, are charged to have at all times, and in the commission. of
every essential to constitute conversion by both jointly, acted together..

Appellant urges that "no facts are pleaded from which it can be in-
ferred that the acts done by the sheriff constituted a breach of the obli-
gation of the undertaking of the defendants," the sureties.   If a con-
version is alleged against the sheriff, a cause of action is thereby stated
against the bondsmen, as the statutory official bond by law obligates the
sureties to respond for damages occasioned by a wrongful conversion.
Such is the very purpose and fundamental reason for requiring such
official bond.   A cause of action is stated against the sheriff and a
breach of the bond thereby charged.

But the sufficiency of the charge of a cause of action against the
bondsmen is also attacked under demurrer by the contention that the
exhibit cannot be looked to as supplying a necessary averment of

the complaint, and that, although the bond is alleged to have been the official bond of the sheriff, given on his qualification for office, and a certified copy thereof attached to the complaint as an exhibit, that the same cannot be taken as the equivalent of an allegation in the complaint that the undertaking has been breached. True, the complaint does not charge in specific language that by the conversion the sheriff breached his bond. But that follows as a necessary conclusion of law from the conversion pleaded, the conversion constituting a wrongful act is alleged to have been performed by virtue of his office as sheriff, and is the equivalent of a statement that the bond was thus breached. The facts admitted by the demurrer would be amply sufficient to sustain a judgment against the sureties as for a breach of their bond by their principal.

Another specification of error challenges the sufficiency of the proof to sustain the judgment. The appeal is from the judgment. Appellants are not in position to challenge the sufficiency of the evidence to support the verdict, for the following reasons: Appellants admit in their brief that they stood upon their demurrer, and, as a condition precedent to their right to withdraw answers previously filed that they might interpose demurrer, agreed with opposing counsel and the court that, if allowed to demur, they would stand upon their demurrer, and not answer over. The answers were withdrawn and the demurrer interposed just before trial and under this condition. This stipulation was made and acted upon to obviate any delay. The demurrer was overruled and properly so. The defendants were in default in answer. A jury was called to which was submitted the issue of damages resulting from the admittedly joint conversion. Defendants were in default on the trial of said issue of fact, and did not participate therein. On an appeal from the judgment they challenge the sufficiency of the proof made on grounds of an alleged variance between the complaint and the proof. The complaint described some of the horses as mares and some as horses and as of certain ages, and the proof did not in all particulars correspond therewith as to sex and ages of the animals. The variance was immaterial, and, so far as the proof is concerned, there was no variance in a legal sense, and evidence was sufficient to sustain a recovery for the property shown to have been converted. Defendants are not in position to raise any such question of variance as long as the evidence fairly supports the judgment rendered. To permit them to do

so would allow them to raise a new question on this appeal not presented to the trial court, and not ruled upon by it. Errors of law only are passed upon here. The proof being ample to support the judgment rendered, there is no error of law for review on appeal from the judgment. Another practice question is raised by the respondent's motion to dismiss the appeal from the judgment. It is unnecessary to pass upon this question, as the assignments of error taken in the brief of the appellants are all passed upon adversely to them. The order and judgment appealed from are affirmed with costs.

Bruce, J. I dissent for the reasons stated in my dissent in Stark County v. Mischel, 33 N. D. 432, 156 N. W. 931, to which views I still adhere.

Burke, J. I dissent as to sufficiency of complaint to state a conversion by defendant Cruden. As to them, believe the demurrer should have been sustained. Otherwise, I approve of Judge Goss's opinion.